[*Crim.* No. 27.   Second Appellate District.—May 24, 1906.]

## THE PEOPLE, Respondent, v. GLOVER H. ELDRIDGE, Appellant.

CRIMINAL LAW—MURDER OF INFANT CHILD BORN—SUFFICIENCY OF INFORMATION.—An information charging the unlawful murdering and killing of a human being, "the infant unnamed female child" of defendant and his wife, "the said infant child being the child born" to them "on or about" the date of the alleged murder, is not uncertain as to the offense charged.

ID.—INSUFFICIENCY OF EVIDENCE—CONFESSION—CORPUS DELICTI NOT INDEPENDENTLY SHOWN.—Where the only proof of guilt consisted of a confession or admission of the defendant, and there was no independent proof of the existence of a *corpus delicti* in connection with the birth and death of the child, a conviction of manslaughter cannot be sustained.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Alfred Daggett, and Charles G. Lamberson, for Appellant.

U. S. Webb, Attorney General, E. E. Selph, Deputy Attorney General, Daniel McFadzean, District Attorney, and R. F. Roth, Deputy District Attorney, for Respondent.

ALLEN, J.—The defendant, under an information charging him with murder, was convicted of manslaughter. From the judgment and an order denying a new trial he appeals.

Appellant contends that the information under which he was tried was uncertain as to the offense charged. This information charged the unlawful murdering and killing of a human being, to wit: "The infant, unnamed female child of said Glover H. Eldridge and Mabel Eldridge, wife of said Glover H. Eldridge, the said infant child being the child born to the said Glover H. Eldridge and said Mabel Eldridge on or about said twentieth day of February, 1905." And it is insisted that such charge might include the killing before birth, and therefore it cannot be determined from the information whether murder or abortion was intended to be charged. The only reasonable construction which can be given to the language employed in the information is to say that it charges that a child born to the defendant was by him unlawfully killed and murdered. That it was born is clearly stated; that it could be killed after birth of necessity implies that it was born alive, and we think the charge of murder was set forth with the degree of certainty required.

Upon the trial of the case, the court properly instructed the jury as follows: "Without independent evidence which satisfies the minds of the jury beyond a reasonable doubt that the death of the infant referred to in the information here was caused by a criminal or unlawful act, the confession or admission of the defendant of his guilt would not be sufficient in law to warrant the jury in finding the defendant guilty." A minute examination of the record, keeping in mind the rule of law above stated, discloses that, independent of the alleged confession, the following facts only were established by evidence which in any sense can be termed

satisfactory, namely: That a child was born of defendant and his wife; that it died; that before it died, defendant, for the claimed purpose of alleviating the apparent pain of the child, at the instance of his wife, but under protest, administered not to exceed four drops of chloroform, which he dropped upon a handkerchief and placed the handkerchief for a few seconds on the child's face and then removed it; that a moment thereafter the mother requested to see the child and when the defendant undertook to lift it found it was dead; that thereafter the defendant placed the child in a crude box and buried it in the garden adjacent to the house; that afterward the body was exhumed and a handkerchief was found over its face, not the same handkerchief, however, used in administering the chloroform. No trace of chloroform was discovered upon the handkerchief found upon the child's face. It is in evidence and undisputed that the amount of chloroform placed upon the handkerchief would not produce death. A *post-mortem* examination revealed nothing as indicating a violent or unnatural death. A few weeks before the birth, the mother received an injury from which she suffered pain until the birth of the child. This child had been begotten before marriage. When confinement was imminent, a physician was summoned, but did not arrive until after the birth and burial of the child. An attendant, who was a sister of the defendant, told the physician upon his arrival that it was a premature birth and that the placenta had been removed. The physician, however, visited the sick room and removed what appeared to be a fully developed placenta, or one nearly so. It does not appear that the defendant, although present in the same room, was in a position where he could hear and understand what was said by the attendant to the physician. The foregoing being substantially all of the independent testimony introduced by the people, we are of opinion that the same falls short of establishing the commission of a crime, without the establishment of which no conviction could be had.

Entertaining these views, it is not necessary to discuss the points involved in the admission of the alleged confession, nor of its scope or sufficiency to justify a conviction; nor the many other points raised by the specifications of error. There

being no satisfactory evidence of the *corpus delicti*, the verdict and judgment as a matter of law are erroneous.

Judgment and order reversed.

Smith, J., and Gray, P. J., concurred.