[Crim. No. 990. First Appellate District, Division One.—May 7, 1921.]

In the Matter of the Application of FRANK D. WILL-
IAMS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — PRELIMINARY EXAMINATION — ORDER OF COMMIT-
MENT—CHARACTER OF EVIDENCE—HEARING BY TWO MAGISTRATES—
COMMITMENT WITHOUT PROBABLE CAUSE.—In view of the provisions
of sections 858 to 883, inclusive, of the Penal Code relating to
preliminary examinations, the magistrate who is to make the order
either discharging the defendant or holding him to answer the
charge must base such order upon evidence which he has admitted
and upon testimony which he has heard in the usual way, and an
order of commitment based upon evidence partly taken before an-
other magistrate, without which evidence the order is not justified,
is without probable cause, and the defendant is entitled to his dis-
charge on *habeas corpus*.

[2] ID.—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—DESIGNA-
TION AS "DEPOSITION"—CONSIDERATION BY DIFFERENT MAGISTRATE
UNAUTHORIZED.—The fact that the testimony taken upon a preli-
minary examination is designated a "deposition" by section 869 of
the Penal Code does not entitle the testimony to be considered by
a magistrate who had not heard the same in determining whether
the defendant should be held to answer, since the term is employed
in the Penal Code in a special and restricted sense.

[3] ID. — COMMITMENT WITHOUT PROBABLE CAUSE — DISCHARGE ON
HABEAS CORPUS—PLEA OF GUILTY TO INFORMATION—RIGHT NOT
WAIVED.—The right given by subdivision 7 of section 1487 of the
Penal Code to procure a discharge from custody on *habeas corpus*,
where a party has been committed on a criminal charge without
reasonable or probable cause, is not waived by a plea of not
guilty to the information.

[4] ID.—FAILURE TO MOVE TO SET ASIDE INFORMATION—DISCHARGE ON
HABEAS CORPUS—RIGHT NOT WAIVED—INSUFFICIENCY OF EVIDENCE.
The right given by subdivision 7 of section 1487 of the Penal
Code to procure a discharge from custody on *habeas corpus*, where
a party has been committed on a criminal charge without reason-
able or probable cause, is not waived by the failure to move to
set aside the information under subdivison 1 of section 995 of the
Penal Code, where the committing magistrate heard some evidence
which was insufficient, and based his order of commitment upon
evidence which was heard by another magistrate.

APPLICATION for a Writ of Habeas Corpus.   Granted.

The facts are stated in the opinion of the court.

Elliott Johnson, Ford & Johnson and A. J. Woolsey for Petitioner.

John T. Williams, Matthew Brady and I. M. Golden for Respondent.

RICHARDS, J.—Application for a writ of *habeas corpus.* The facts of the case upon which the applicant bases his claim of right to be discharged from custody are briefly these: The applicant herein, Frank D. Williams, was arrested upon a charge of perjury embraced in a complaint filed in the police court of the city and county of San Francisco. The preliminary examination upon said charge came on for hearing before Department 2 of said police court, then presided over by Judge J. J. Sullivan, on December 7, 1920; whereupon certain evidence was introduced and testimony taken before Judge Sullivan. The cause was then continued for further hearing to December 21, 1920, at which time further evidence was educed and testimony taken before said judge, and the cause was then continued for further hearing until December 22, 1920, at 2 o'clock P. M. When the case was called upon the last named day and hour, Judge Sullivan was absent, and the cause was continued by the clerk of his court to December 23, 1920, at 10 o'clock A. M. When again called for hearing at that time Judge Sullivan again failed to appear to conduct the hearing of the cause, whereupon, and after some delay, Judge McAtee, at that time the police judge of another department of said court, was called in to Department 2 thereof by the district attorney, and requested by him to sit therein and complete the preliminary examination of said cause. Judge McAtee proceeded to do so over the objection of the defendant, who requested that there should be a hearing *de novo* of the case. Judge McAtee refused to accede to this request, stating that he would proceed from where the hearing before Judge Sullivan had left off, but would familiarize himself with the depositions already taken before the latter. The matter was then continued until the following day, when Judge McAtee proceeded to hear certain evidence which, it is con-

ceded, would in itself be wholly insufficient to support the defendant's commitment upon the charge; and the matter being submitted, Judge McAtee held the defendant to answer, basing his decision chiefly upon the evidence which had been taken before Judge Sullivan in the case.

[1] The main contention of the applicant for this writ is that his commitment upon the charge in question was without probable cause, since the committing magistrate had no power in deciding the case to consider the evidence which had been introduced and testimony which had been taken before Judge Sullivan, and that without such evidence there was not sufficient evidence heard by Judge McAtee to justify his commitment upon said charge.

We think this contention must be sustained. While it is true that preliminary examinations of persons accused of crime when held before a committing magistrate, and in the manner provided for in sections 858 to 883, inclusive, of the Penal Code, are usually less formal in matters of procedure than would be required upon the trial of the cause, it cannot be held that the essential principles of procedure and of evidence may be departed from by committing magistrates in the conduct of such examinations. By the terms of sections 858, 859, and 860 of the Penal Code the magistrate is required to inform the defendant of his rights to counsel, and to allow him a reasonable time to procure such counsel. By section 864 of the Penal Code the magistrate must inform the defendant as to the nature of the charge made against him by reading to him the depositions of the witnesses examined at the time of the filing of the complaint and issuance of the warrant for his arrest, and must also issue subpoenas for such witnesses as either the prosecution or the defendant requires. By section 865 of the same code these witnesses, when produced at the hearing, "must be examined in the presence of the defendant and may be cross-examined in his behalf"; and by section 866 thereof "when the testimony of witnesses on the part of the people is closed any witnesses which the defendant may produce must be sworn and examined." By section 869 thereof the testimony of these witnesses, in cases of homicide

only, must be reduced to writing by or under the direction of the magistrate; but in all felony cases he may in his discretion order the testimony and proceedings to be taken down in shorthand and transcribed and authenticated as in said section provided. The written record or transcription of the testimony so taken is in said section denominated a ''deposition,'' and is to be filed in the superior court as a part of the record therein in case the defendant shall be held to answer upon the charge, and a copy thereof furnished to the defendant or his attorney upon demand. Section 871 of the same code provides that ''if *after hearing the proofs* it appears either that no public offense has been committed, or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the defendant to be discharged''; while section 872 thereof provides that ''if, however, *it appears from the examination* that a public offense has been committed and that there is sufficient cause to believe the defendant guilty thereof,'' he must be held to answer.

The foregoing sections of the Penal Code clearly indicate to our minds that the essential procedure upon a preliminary examination of a felony charge does not differ materially from that required upon the trial of the cause. The magistrate who is to make the order either discharging the defendant or holding him to answer upon the charge must base that order upon evidence which he has admitted and upon testimony which he has heard in the usual way in which such evidence is presented and such testimony taken. He has no right to predicate his said order upon something which has not occurred before him; upon evidence the admissibility of which he has not passed upon, and upon testimony the weight and value of which he has not measured by the appearance, the narration and the manner of testifying of the witnesses present in person before him. It has been expressly held that upon the trial of a cause in a superior court judges cannot be changed in the midst of a hearing with the effect that the substituted judge could be entitled to decide the cause upon evidence which he had not himself heard or passed upon (*Guardianship of Sul-*

*livan,* 143 Cal. 462, [77 Pac. 153]). We are satisfied that a like procedure must obtain upon the hearing of preliminary examinations.

[2] The respondent herein, however, urges that since the testimony taken upon a preliminary examination is when transcribed denominated a "deposition" in the sections of the Penal Code above referred to, such "depositions" were entitled to be read by Judge McAtee even though the witnesses whose testimony had been thus transcribed had not appeared or testified before him.

There are two answers to this contention, the first being that the term "deposition" as used in the foregoing sections of the code does not bear the same meaning as given to the same word when used to distinguish this form of evidence permitted to be embodied in writing under section 2019 of the Code of Civil Procedure. The term is employed in the Penal Code in a special and restricted sense; and the uses of testimony when taken upon a preliminary examination and thus reduced to writing are also those restricted uses specified in the provisions of said code above referred to, and are not the general uses to which depositions taken in conformity with the provisions of the Code of Civil Procedure may be put; and the second answer is that except in cases of homicide the testimony taken at preliminary examinations is not required to be reduced to writing at all except in the discretion of the magistrate; and this being so, to hold that Judge McAtee could be permitted to read either a written report or transcript of oral testimony which had been taken and heard before Judge Sullivan would be by natural sequence to permit the former to talk over with Judge Sullivan the testimony which the latter had heard, and by such loose method to determine whether or not the defendant should be held to answer to the charge. Without pursuing this branch of the case to further lengths of absurdity it is clear to our minds that the defendant could not be held to answer upon testimony which Judge McAtee had not himself admitted and heard. It is to be noted that it is not a mere error in the admission of evidence of which the applicant herein complains, but an essential violation of

his right to have the order for his commitment based only upon evidence which had been heard and weighed by the identical magistrate who had assumed to issue such order. It is conceded that the testimony which Judge McAtee did actually hear was entirely insufficient to justify the order holding the defendant to answer to the charge.

[3] It is, however, further contended by the respondent herein that assuming that the applicant herein would have been entitled to apply for and be awarded the relief sought upon this writ, he has lost that right by his plea of "Not guilty" to the information subsequently filed, and also by his failure to take advantage of the error of Judge McAtee complained of by way of motion to set aside such information permitted to be made under section 995 et seq. of the Penal Code. These last-named sections of said code provide that an information must be set aside upon the defendant's motion when it appears that "before the filing thereof the defendant had not been legally committed by a magistrate"; and it is also therein provided that the objections which may be made upon such motion are waived by the defendant if not so made.

We cannot agree with the contention of the respondent in this behalf. Section 1487 of the Penal Code specifies the several grounds upon which applications for discharge on *habeas corpus* may be based. Subdivision 7 of said section provides for the applicant's discharge from custody "where a party has been committed on a criminal charge without reasonable or probable cause." No limitation is expressly imposed by the Penal Code upon the time within which a writ of *habeas corpus* upon this ground may be applied for; and we are satisfied not only that no good reason exists but that there is no authority for holding that a party held to answer on a felony charge could be held to have waived his right to a writ upon this ground by the fact that he had entered or that there had been entered for him a plea of "Not guilty" to the charge. On the other hand, the uniform practice has been to permit writs of *habeas corpus* to be applied for and granted after the entry by the defendant of his plea. A sample of the many cases in which this

right has been recognized is to be seen in the recent case of *Ex parte Hartwell*, 28 Cal. App. 627, [153 Pac. 730]. In conformity with this long-established practice we hold that the defendant did not waive his right to apply for this writ by the entry of his plea of "Not guilty."

[4] The respondent further contends that the applicant herein waived his right to the relief applied for by this writ through the fact that he did not move to set aside the information under subdivision 1 of section 995 of the Penal Code relating to informations, which provides that an information must be set aside upon the defendant's motion when it appears (subdivision 1) "that before the filing thereof the defendant had not been legally committed by a magistrate." Section 996 of the Penal Code provides that if the defendant fails to make said motion he is precluded from thereafter making said objection. We are satisfied that these last-named sections of the Penal Code are not in conflict with and do not constitute a limitation upon section 1487 of the Penal Code, relating to the grounds upon which writs of *habeas corpus* may be applied for. We think the distinction between the two remedies is quite clearly indicated in *People* v. *Beach*, 122 Cal. 37, [54 Pac. 369], wherein the supreme court reversed the order of the trial court setting aside an information on the defendant's motion made upon the ground that the evidence taken upon the preliminary examination was insufficient to show that a public offense had been committed. In so doing the supreme court said: "If the magistrate had no power or jurisdiction to hold the examination; if no complaint had been made charging the defendant with a public offense, and, perhaps, if no evidence at all was taken by the magistrate, and there was no waiver by the defendants, it might be held that the defendants had not been legally committed (*People* v. *Howard*, 111 Cal. 655, [44 Pac. 342]). The phrase 'legally committed' refers to the examination of the charge and holding the defendant to answer by the magistrate (*Ex parte Baker*, 88 Cal. 84, [25 Pac. 966]). If a magistrate upon a complaint duly made charging a public offense had heard the evidence and has committed the defendant, that ends the matter so far as concerns this motion. . . . The

right to have a charge dismissed is regulated by statute, and, as we have seen, the phrase 'legally committed' means only that the accused has been committed by a magistrate who has jurisdiction to hold the examination, and who has actually heard the evidence and determined that probable cause exists for holding the defendant. The point was decided in *People* v. *More,* 68 Cal. 500, [9 Pac. 461]. Counsel attempt a distinction on the ground that the alleged defect there was that venue was not shown; but the difference is not obvious. If the point was founded in fact, there as here the evidence failed to show an offense for which the magistrate could legally hold the accused person. The decision was a construction of section 995 of the Penal Code, and holds that on the motion to set aside the information the superior court cannot review and overrule the finding of the magistrate that the evidence taken before him was sufficient.''

In the case of *People* v. *Sacramento Butchers' Protective Assn.,* 12 Cal. App. 471, [107 Pac. 712], a similar question arose; and in determining it the district court of appeal for the third district expressly held that the objection that the evidence was not sufficient to warrant the order of commitment could not be inquired into upon a motion to set aside the information under section 995 of the Penal Code, but must be taken advantage of in some other proceeding. The writ of *habeas corpus* is the proceeding wherein the right on the part of a defendant to seek his discharge upon the ground that the evidence taken before the committing magistrate was insufficient to justify his commitment is expressly given to him. In the case at bar the committing magistrate, Judge McAtee, was properly sitting in Judge Sullivan's court during the absence of the latter under the provisions of the city charter of San Francisco creating the several departments of the police court. He had jurisdiction to hear and determine the charge against the defendant pending in that court. He heard some evidence therein which, however, it is conceded, was insufficient in itself to justify holding the defendant to answer upon said charge; but he also, as the record discloses, undertook to read over a transcription of some testimony taken before Judge Sullivan which was neither

presented nor presentable in that form in evidence before Judge McAtee; and he undertook to hold the defendant to answer in part, and in the main part, upon what he had learned from a perusal of such transcription. This was not a mere error in the admission of evidence, since the reporter's transcription of something which had occurred before another magistrate was not evidence nor admissible as such. The defendant was entitled to have the witnesses against him appear and testify in his presence before the magistrate upon whom was to devolve the duty of determining from such evidence so taken whether or not probable cause had been shown for his commitment; and since it is conceded in this matter that the testimony which Judge McAtee heard was insufficient to constitute reasonable or probable cause for the defendant's commitment, it follows that his application herein must be granted and the defendant discharged.

It is so ordered.

Kerrigan, J., and Waste, P. J., concurred.