[S. F. No. 14503. In Bank.—June 2, 1932.]

GODFRED THUESEN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Everette C. McKeage for Petitioner.

Morris, Jaffa & Thompson for Respondents.

THE COURT.—This is a petition for a writ of mandate to compel the respondent court to order and the respondent clerk to issue an execution for the arrest and imprisonment of one Charles H. Zentini.

On May 22, 1931, the petitioner filed an action against said Charles H. Zentini to recover damages sustained by the alleged fraud and conversion on the part of the defendant in a certain stock transaction. Judgment by default in that action was entered for the plaintiff. The judgment recited the trial court's findings of fraud on the part of the defendant in securing from the plaintiff certain securities and in converting them to his own use, and ordered that the plaintiff, on the return of execution against the goods and property of the defendant unsatisfied in whole or in part, was entitled to an execution for the arrest and commitment of the defendant, etc. Executions against the property of the defendant were returned wholly unsatisfied. The plaintiff thereupon invoked the remedy of execution against the person of the defendant as provided by the Code of Civil Procedure. (Code Civ. Proc., secs. 682, 684, 478–504; sec. 15, art. I, Const. of Calif.; 3 Cal. Jur. 152, 153.) Thereafter an execution was issued against the person of said Charles H. Zentini, pursuant to which he was arrested and taken into custody. On the day following his arrest Zentini pro-

cured a writ of *habeas corpus* returnable before the Superior Court of the City and County of San Francisco. The sheriff made his return to the writ admitting the matters hereinbefore stated and contended as a defense to the application for the writ that the court had no jurisdiction to discharge the prisoner under sections 1143 to 1154 of the Code of Civil Procedure, which provides the manner in which a discharge of a prisoner arrested pursuant to such an execution may be obtained. A motion to dismiss the *habeas corpus* proceedings on that ground, and to remand the prisoner, was made and denied. On August 18, 1931, the superior court ordered the discharge of Zentini on the ground that the judgment in the tort action, in so far as it decreed the plaintiff entitled to body execution against Zentini, was invalid in that the relief thus granted was not justified by the complaint. Thereafter, on September 10, 1931, the plaintiff again applied to the respondent court for an order directing the issuance of execution against the person of Zentini, but the application was denied by said court on the ground that the defendant could not be re-arrested after his discharge on the writ of *habeas corpus*. Whereupon this proceeding was commenced.

The basis of the petition for the writ of mandate is that the superior court had no jurisdiction to entertain the proceedings in *habeas corpus*. The petitioner's contention is that sections 1143 to 1154 of the Code of Civil Procedure provide the exclusive method by which a judgment debtor arrested on final process may obtain his release and discharge from imprisonment, and, relying on *In re Alpine,* 203 Cal. 731 [58 A. L. R. 1500, 265 Pac. 947], he asserts that where a remedy is otherwise provided by statute, the writ of *habeas corpus* is not available.

The position of the respondents is that proceedings in *habeas corpus* are always available to the defendant for a determination of the question whether the court rendering the judgment pursuant to which the defendant was imprisoned has exceeded its jurisdiction. They also rely on the rule that in a collateral proceeding the question whether a judgment is void must be determined from an inspection of the judgment-roll (*People* v. *Davis,* 143 Cal. 673 [77 Pac. 651]), and that the court on *habeas corpus* proceedings has jurisdiction to inquire into the validity of the judgment

pursuant to which the defendant has been arrested to determine whether it was within the jurisdiction of the court rendering it. (13 Cal. Jur. 223–225, 278; Pen. Code, sec. 1487.) They concede that a debtor imprisoned on a valid judgment is exclusively relegated to the statutory method provided for his release.

The statutory method is provided in sections 1143 to 1154, inclusive, of the Code of Civil Procedure. Section 1143 provides that any person confined in jail on an execution issued on a judgment rendered in a civil action must be discharged therefrom upon the fulfillment of the conditions specified in the chapter of which that section is a part. Then follow two sections providing for notice of the application for discharge and service thereof. Section 1146 provides for an examination of the imprisoned judgment debtor under oath by a judge, "concerning his estate and property and effects, and the disposal thereof, and his ability to pay the judgment for which he is committed; and such judge may also hear any other legal and pertinent evidence that may be produced by the debtor or the creditor". Section 1147 permits written interrogatories to be propounded to and answered in writing and signed and sworn to by the prisoner. Section 1148 requires that if the judge conducting the examination is satisfied that the prisoner is entitled to his discharge, he must administer to him an oath that he is not possessed of any estate, and· that he has not conveyed or concealed any estate with intent to defraud. Section 1149 provides for an order of discharge. By section 1150 it is provided that if the prisoner do not obtain his discharge he may re-apply in the same manner at the end of every succeeding ten days. Section 1151 makes his discharge in such proceedings final as to the same debt unless the prisoner be convicted of having sworn falsely. Section 1152 provides that the judgment remains in force after the prisoner's discharge and may be executed against any future estate of the debtor. Section 1153 allows the plaintiff voluntarily to discharge the debtor from his imprisonment, and by the provisions of section 1154 the plaintiff is required to advance funds for the support of the prisoner while in custody.

It is true that in the case of *In re Alpine, supra,* we stated at page 739 that the writ of *habeas corpus* may not

be invoked where the accused has a plain, speedy and adequate remedy under the orderly provisions of a statute designed to rule the specific case upon which he relies for his discharge. That pronouncement was applicable to the case there involved, but in the present case it is quite obvious that sections 1143 to 1154 of the Code of Civil Procedure do not rule the case presented by the petitioner.

The proceedings provided by those sections are supplementary to the judgment and the execution thereof, and do not contemplate an attack upon the judgment under which they are taken. They are, in fact, based on the assumption that the judgment pursuant to which they are taken is valid. It is true that such proceedings have their foundation in the Constitution, and, when based on a valid judgment they prescribe the exclusive remedy for release from custody. But the right to apply for a writ of *habeas corpus* is also grounded in the Constitution, and this right may not be lightly set aside. In the face of a valid judgment it is assumed, and is in fact conceded by the respondents, that the code specifies the exclusive method for discharge. But such method does not deprive a court of competent jurisdiction of the power to determine whether the judgment on its face is or is not sufficient upon which to base a body execution, and this inquiry may be made on *habeas corpus*. The respondent court had jurisdiction to entertain the writ and to determine the rights of the applicant thereunder. It did so and decided that the court rendering the judgment exceeded its jurisdiction in ordering the imprisonment of the debtor on execution of the judgment. That determination has become final. There was and is no appeal therefrom for the reason that it is not such an adjudication on *habeas corpus* as is made appealable or reviewable by section 1506 of the Penal Code. (*In re Page,* 214 Cal. 350 [5 Pac. (2d) 605]; *In re Mefferd,* 110 Cal. App. 1, 9 [6 Pac. (2d) 71]; see, also, *Matter of Zany,* 164 Cal. 724 [130 Pac. 710]; 13 Cal. Jur., p. 284, and cases there cited.) Whether rightly or wrongly discharged in the *habeas corpus* proceeding, Zentini was discharged by a court having jurisdiction of the matter; the order of discharge has become final, and the prisoner may not again be imprisoned for the same cause. (Pen. Code, secs. 1496, 363.)

We conclude that the petitioner is not entitled to the relief sought in the present proceeding.

The peremptory writ is denied and the alternative writ is discharged.

Rehearing denied.