[Crim. No. 1908.   Third Dist.   Mar. 15, 1945.]

In re WILLIAM SCHUBER, on Habeas Corpus.

C. Ray Robinson and Samuel V. Cornell for Petitioner.

Robert W. Kenny, Attorney General, Jess Hession, Assistant Attorney General, Claude H. Adams, District Attorney (Mer-

ced), and William Elam, Deputy District Attorney, for Respondent.

PEEK, J.—Petitioner herein charges that his confinement is illegal in that he has been held to answer the charge of violation of section 288 of the Penal Code without probable cause for the reason that no violation of said section was shown to have been committed.

■ Attached to his petition is a complete transcript of the proceedings before the committing magistrate. From said transcript it appears that the only evidence introduced tending to prove that a crime had been committed or to connect defendant with the crime charged, other than the extrajudicial statement of defendant which was reduced to writing but which was neither signed nor sworn to by him, was the testimony of a doctor who examined the young girl involved and who testified merely that "there was a slight tear at the posterior part of the genital"; that he took a smear but that no spermatozoa was disclosed. In other words the transcript discloses no evidence whatever, independent of defendant's admission, as to the cause of the injury.

Obviously, such testimony is not sufficient under section 872 of the Penal Code to hold the defendant to answer in the superior court. In no way does it appear from such testimony that "a public offense has been committed," and without some showing in that regard it cannot be said that there was "sufficient cause to believe the defendant guilty thereof" for no crime has been proved. (Pen. Code, § 872; *In re Martinez*, 36 Cal.App.2d 687 [98 P.2d 528].)

■ As stated in the case of *People* v. *Simonsen*, 107 Cal. 345 [40 P. 440]: "It is elementary that the corpus delicti must be established before extrajudicial statements and admissions of a defendant are admissible in evidence, and can be considered as tending to establish the fact to which they relate." That such is the overwhelming weight of authority in this country must be conceded. (*In re Kelly*, 28 Nev. 491 [83 P. 223].)

■ While it is true that preliminary examinations of persons accused of crime when held before a committing magistrate are usually less formal in matters of procedure than would be required upon the trial of the cause the essential principles of procedure and of evidence may not be departed

from by committing magistrates in the conduct of such examinations (*In re Williams,* 52 Cal.App. 566 [199 P. 347]), ██ and although the committing magistrate may hold a defendant to answer upon evidence which would not support a verdict of guilty, nevertheless there must be some evidence tending to show the commission of the crime charged before a defendant's admission or confession can be introduced for any purpose. (*People* v. *Kaye,* 43 Cal.App.2d 802 [111 P.2d 679].)

The cases relied upon by respondent are not in point, for, as previously stated, no evidence whatsoever other than the extrajudicial statement of the defendant was produced tending to show that any crime had been committed.

It is our conclusion that petitioner, having been committed on a criminal charge without reasonable or proper cause, should be discharged, and it is so ordered.

Adams, P. J., and Thompson, J., concurred.