[Crim. No. 1929. Third Dist. Nov. 26, 1945.]

THE PEOPLE, Appellant, v. WILLIAM SCHUBER, Respondent.

Robert W. Kenny, Attorney General, Jess Hession, Assistant Attorney General, James O. Reavis, Deputy Attorney General, Claude H. Adams, District Attorney, and William Elam, Deputy District Attorney, for Appellant.

. C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Respondent.

THOMPSON, J.—The People have appealed from an order dismissing an information filed against the defendant under section 288 of the Penal Code, on the ground that the preliminary examination fails to show that a public offense has been committed as alleged, or otherwise, or that there is probable cause to believe that the defendant is guilty thereof.

This same case was previously before this court on a petition for a writ of habeas corpus, which was granted for lack of competent evidence to show that a public offense had been committed or that the defendant was guilty thereof. (*In re Schuber*, 68 Cal.App.2d 424 [156 P.2d 944].) The prisoner was discharged. He was thereafter rearrested upon the same charge, and another preliminary examination was held. He was accused of lascivious conduct upon his nine-year-old stepdaughter.

The child was not called at the first preliminary examination. She testified to no incriminating facts at the present examination. She had a lacerated vagina, but she was not asked what caused that injury. No witness testified in that regard. We have no way of telling from competent evidence what caused the injury. In response to all pertinent questions she insisted that she "did not know" what, if anything, her stepfather did to her.

The transcript on this appeal contains no new competent evidence of the commission of a public offense, or that the defendant is guilty thereof. The defendant's extrajudicial statement against interest is substantially the only evidence relied upon at both hearings. Independent of that statement there is no evidence of even a prima facie showing of the corpus delicti.

The appellant has filed elaborate briefs contending that the rule of evidence with respect to the competency of testimony to be adduced at a regular trial of a criminal case does not apply to a mere preliminary examination, and that the extrajudicial statement of the defendant may be sufficient upon which to hold him for trial, or at least, that the state-

ment, together with other circumstances appearing at the hearing, warranted the magistrate in determining there was evidence of probable cause to believe he was guilty of the offense.

We think there are no circumstances shown by the record, or reasonable inferences to be drawn therefrom, which tend to prove, independent of the extrajudicial statement, that a public offense has been committed. The evidence which was adduced for impeachment purpose that the child had made extrajudicial statements contradictory to her testimony at the hearing does not furnish proof of the commission of the alleged public offense, or that the defendant may have been guilty thereof. At most, it merely impeached her evidence, which leaves the record without competent proof of the crime.

There is no competent evidence of the commission of a public offense or that the defendant was guilty of an offense.

To justify a magistrate in holding an accused person for trial upon a preliminary examination under section 872 of the Penal Code, it must appear from competent evidence adduced at the hearing that "a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." (Pen. Code, § 872; *In re Schuber, supra; In re Williams,* 52 Cal.App. 566 [199 P. 347].)

The proof which will authorize a magistrate in holding an accused person for trial must consist of legal, competent evidence. No other type of evidence may be considered by the magistrate. The rules of evidence require the "production of legal evidence" and the exclusion of "whatever is not legal." (Code Civ. Proc., § 1825; 31 C.J.S. 505, § 2; 15 W. & Ph., Perm. ed. 396.) The constitutional guarantee of due process of law requires adherence to the adopted and recognized rules of evidence. There cannot be one rule of evidence for the trial of cases and another rule of evidence for preliminary examinations. The rule for the admission or rejection of evidence is the same for both proceedings.

The invariable rule which is supported by numerous California cases is that the extrajudicial uncorroborated admissions of a defendant may not be considered in the absence of substantial independent proof of the corpus delicti. There must be competent proof, independent of such admissions, that a public offense has been committed and that the defendant is guilty thereof. (*People* v. *Gilbert,* 86 Cal.App. 8 [260

P. 558]; *People* v. *Cornett*, 61 Cal.App.2d 98, 105 [141 P.2d 916]; Underhill's Crim. Ev., 4th ed., 506, § 262.) It is true that a preliminary examination is less formal than a trial, and that less evidence is required to hold an accused person for trial than is exacted to support a conviction. (*In re Williams, supra.*) But the court said in the case last cited: "it cannot be held that the essential principles of procedure *and of evidence* may be departed from by committing magistrates in the conduct of such examinations." (Italics added.) The rule which requires less evidence at a preliminary examination, or even slight evidence, merely goes to the quantum, sufficiency or weight of evidence and not to its competency, relevancy or character.

 In the present case we are driven to the conclusion there is no competent evidence that a public offense prohibited by section 288 of the Penal Code, or otherwise, was committed. The child did have a laceration or cut, one-half an inch in length at the posterior entrance to her vagina. But there is absolutely no competent evidence to show how she received that injury. There is also evidence that the little girl, together with her little sister, had been sleeping in the same bed with the defendant, their stepfather, just before that injury occurred. She was examined as a witness at length. It must be conceded that she either lacked understanding or that she was deliberately concealing the truth. Nevertheless, she repeatedly answered the direct question, "Did he do anything to you?" by asserting "I don't know." She was not asked what caused the laceration or how she received that injury. The record is devoid of evidence of what caused that injury, except for the extrajudicial statement of the defendant. There is therefore no competent evidence under the accepted rule previously mentioned, that the injury was received by unlawful means, or that a public offense had been committed. It is also true that after the district attorney had tried in vain to obtain a statement from her that the defendant caused the injury by unlawful act, that he was permitted to read to her a statement which she previously made to him in his office to the effect that her stepfather "could" have placed his finger in her vagina. When she was then asked if she had not so stated, she repeatedly said "I don't know." The defendant's attorney objected to the reading of those questions on the ground that no foundation had been established for that procedure.

The prosecution failed to prove by any witness that that extrajudicial statement was made or transcribed. But assuming that such extrajudicial contradictory answers were given by the witness, it was admissible only to impeach her testimony at the hearing. (Code Civ. Proc., § 2052.) Conceding that she was successfully impeached, there is no competent evidence in the record that a public offense was committed upon her. The testimony of a doctor who examined the child adds nothing material to indicate that she was injured by unlawful means. He merely testified that he found the laceration which was "of recent origin," and that the hymen was "intact."

We commend the district attorney for his conscientious prosecution of this case. We may even concur with him in speculating or surmising that the defendant may be guilty, but we cannot escape the conclusion that the record contains no competent evidence that the defendant caused the injury received by the child, or that a public offense was committed with relation thereto. There is actually no more competent evidence in this record of the commission of a public offense than there was on the former hearing of the petition for a writ of habeas corpus which involved the same transaction.

On the authority of *In re Schuber, supra,* the order dismissing the information is affirmed.

Adams, P. J., and Peek, J., concurred.