[Crim. No. 2103. Third Dist. May 3, 1949.]

THE PEOPLE, Appellant, v. LESLIE E. GRIMES,
Respondent.

Fred N. Howser, Attorney General, and Doris H. Maier,
Deputy Attorney General, for Appellant.

Wallace Shepard for Respondent.

PEEK, J.—By an information filed on May 27, 1948, the defendant was charged with the commission of the crime of grand theft in that on or about November 27, 1946, he unlawfully and feloniously took the sum of $300, which sum was the property of the estate of Joseph C. Beaudry, deceased. At the time of the alleged theft the defendant was the duly qualified and acting executor of said estate. After a preliminary hearing the defendant was held to answer in the superior court. Upon his arraignment he moved to set aside the information upon the ground that he was committed without reasonable and probable cause, which motion was granted and the information ordered dismissed. The People have taken this appeal from said order of dismissal.

The record of the proceedings before the committing magistrate discloses that the People offered into evidence the entire file of the probate action in the matter of the estate of Joseph C. Beaudry, deceased, which was admitted without objection. It appears therefrom that the petition of the defendant for the probate of the will and issuance of letters testamentary was granted on May 10, 1943; that he thereupon entered upon his duties as such executor; that an inventory of the assets of the estate was made and filed; that the estate was appraised by the inheritance tax appraiser which showed no tax due; that creditors' claims were allowed and paid in 1943 and 1944; that on April 2, 1948, the defendant, as executor, moved the probate court for an order to sell certain bonds in order to distribute the estate under the terms of the will and that on April 12, 1948, the first and final account of the respondent as executor was filed, settled and approved. It further appears that the value of the estate had increased from $3,296.59 as of the date of the inventory and appraisement to $5,462.42 as of the date of the first and final account.

In addition to the foregoing record of the probate proceeding the People produced as a witness a certified public accountant who had acted as the agent of the Sacramento Riverside Bath and Park Company during the course of liquidation proceedings. His testimony was that as such agent he prepared liquidation checks payable to the stockholders therein; that a check in the sum of $300 was issued to Joseph C. Beaudry and that this check had been endorsed and cashed by the respondent as executor of the estate, as was a subsequent check in the sum of $62.50.

The second witness called by the State had served as secretary of the above mentioned corporation prior to its liquida-

tion. His testimony related only to the identification of certain records of said company, which showed the decedent to have been a stockholder therein and that he had not transferred his stock prior to the dissolution.

The third witness for the State, one of the legatees under the will, testified that he had contacted the respondent several times in regard to his legacy; that respondent told him that the reason the estate had not been closed was that some of the bonds were in companies in the process of liquidation, and that he had not received any part of his legacy. On cross-examination the witness admitted that he had not asked for an accounting.

The last witness for the prosecution was an official of a Sacramento bank who testified that in May, 1943, the account of J. C. Beaudry in the sum of $745.09 was transferred to another account with respondent as executor of the estate; that no deposits were made in said account from that date until December 27, 1947, and that the last withdrawals occurred in the year 1944. The witness stated on cross-examination that he did not know whether or not the respondent, as executor of the estate, maintained any other accounts with any other bank or banks.

The People then offered into evidence a signed confession by respondent wherein he admitted cashing the $300 check mentioned *supra* and appropriating the money to his own use. Said confession was admitted into evidence over the objection of respondent's counsel that the corpus delicti had not been established and that the confession was therefore inadmissible. The $300 was included in the first and final account mentioned *supra* which also was rendered prior to the filing of the information herein.

Appellant first contends that the corpus delicti had been sufficiently established and therefore the confession was properly admitted in evidence by the committing magistrate, and second that independent of the extrajudicial statement of the defendant the facts and the reasonable inferences deducible therefrom are sufficient to sustain the committment.

■ It is the settled rule "that the corpus delicti must be established before extrajudicial statements and admissions of a defendant are admissible in evidence, and can be considered as tending to establish the fact to which they relate." (*People* v. *Simonsen,* 107 Cal. 345 [40 P. 440].) And although the "prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to

establish the fact of guilt; rather slight or prima facie proof is sufficient for such purpose'' (*People* v. *Mehaffey,* 32 Cal.2d 535, 545 [197 P.2d 12]), nevertheless until *some* of that degree of proof has been introduced tending to show the commission of the crime charged, a defendant's extrajudicial statement cannot be considered for any purpose. (*People* v. *Kaye,* 43 Cal.App.2d 802 [111 P.2d 679]; see, also, *People* v. *Vicencio,* 71 Cal.App.2d 361 [162 P.2d 650].)

 The evidence which we have summarized constituted the entire case before the committing magistrate and discloses nothing more than that the respondent was the executor of the estate of Joseph C. Beaudry; that as such executor he received $300 which belonged to the estate; that said sum of money was not deposited by respondent in a certain bank and that one of the legatees inquired of respondent as to when the estate would be distributed. Obviously such evidence does not afford even slight proof either that a crime had been committed or that respondent had committed it and therefore was not sufficient under the provisions of section 872 of the Penal Code. An inference that the money was stolen or embezzled cannot be drawn from the fact that respondent did not deposit the money in a particular bank since the Probate Code does not impose upon an executor the duty of depositing funds which come into his possession during the course of administration. Nor does evidence of delay in distribution of the estate serve as a foundation for inferring that moneys belonging to the estate have been embezzled. Thus, ''In no way does it appear from such testimony that 'a public offense has been committed,' and without some showing in that regard it cannot be said that there was 'sufficient cause to believe the defendant guilty thereof' for no crime has been proved.'' (*In re Schuber,* 68 Cal.App.2d 424, 425 [156 P.2d 944].)

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1949.