[Crim. No. 5689.  In Bank.  Oct. 21, 1955.]

In re SHIRLEY ANN FLODSTROM, on Habeas Corpus.

Byron J. Snow, Stephen P. Gazzera and Sidney L. Berlin for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Arlo E. Smith and Raymond M. Momboisse, Deputy Attorneys General, and N. J. Menard, District Attorney (Santa Clara), for Respondents.

SHENK, J.—This is a proceeding in habeas corpus. In a complaint filed in the Municipal Court for the San Jose-Alviso Judicial District, County of Santa Clara, the petitioner, Shirley Ann Flodstrom, was charged with the murder of her infant son. The preliminary examination was held on October 22, 1954. The petitioner was held to answer to the superior court where she moved to set aside the information under Penal Code, section 995, which provides that an information "must be set aside by the court in which the defendant is arraigned, upon his motion" if before the filing of the information "the defendant had been committed without reasonable or probable cause." The motion was denied.

The petition herein was filed in the District Court of Appeal, First District, Division Two. It alleged that there was not sufficient competent evidence before the magistrate to support the holding order. In this she was sustained. The court considered the showing made by the petitioner and the return to the writ, concluded that the petitioner was

in custody without warrant of law and pursuant to an opinion filed on December 14, 1954, ordered her discharge. (134 Cal. App.2d 871 [277 P.2d 101].) On a petition for hearing filed by the attorney general the matter was transferred to this court. We have concluded that the order of transfer was improvidently made and that the proceeding should be dismissed.

Prior to 1927 there was no appeal from an order of the superior court discharging a petitioner in a proceeding in habeas corpus (*Matter of Hughes*, 159 Cal. 360 [113 P. 684]) nor was there any provision in law for a petition for hearing in the Supreme Court after an order of a District Court of Appeal discharging a petitioner in such a proceeding originally instituted in that court. (*Matter of Zany* (1913), 164 Cal. 724 [130 P. 710].) This was said to result from the concurrent constitutional power in habeas corpus vested in the superior court, the District Courts of Appeal, and the Supreme Court. It was stated in the Zany case at pages 726 and 727: "The result has been that, with reference to such [habeas corpus] proceedings, the supreme and superior courts, to each of which was given the power to issue writs of habeas corpus, stood upon the same plane, neither being inferior to the other in any other sense than that a superior court in determining any such matter would naturally follow a precedent established by the highest court in the state, if any such precedent had been established. It however had the *power* to disregard it, and its determination, whether in accord with the law as laid down by the supreme court or not, was an end of the particular proceeding, and in case of a discharge of the petitioner from custody was final and conclusive. Such is still the law with relation to the superior court of the state, as was recently decided by this court in Bank, Mr. Justice Shaw writing the opinion. (See *In re Hughes*, 159 Cal. 360 [113 P. 684].) Where a petitioner was remanded to custody by a superior court, and the proceeding instituted in that court was thus terminated and was no longer a matter *pending therein*, he could inaugurate a *new proceeding* for relief in another court and can still do so, but is now limited in the making of a new application by statutory provision to a higher court, either the district court of appeal having jurisdiction, or the supreme court. Such was the only remedy afforded by our law to the petitioner when remanded, and as we have said, a discharge from custody by a superior court was final and conclusive.

"When our district courts of appeal were established,

power was expressly conferred upon them by the constitution 'to issue writs of . . habeas corpus' within their respective jurisdictions. As was already the situation with reference to justices of the supreme court, each of the justices of the court of appeal was given power to issue such writs returnable 'before himself.' It is self-evident that by these provisions it was intended to place such courts and the justices thereof in the same position with reference to habeas corpus matters, that the supreme and superior courts were already in. It is not conceivable that it was intended that these appellate courts should have less power than the inferior superior courts in such matters, as would be the case if their determination in habeas corpus proceedings were reviewable by the supreme court. As a matter of fact, the power to issue writs of habeas corpus was conferred in practically the same language as is used with reference to superior courts, and the supreme court, and the language used must be taken as indicating the intention to confer the same power that had already been given to the superior and the supreme courts, with all the incidents thereof.''

The court then went on to hold at page 729 that a proceeding in habeas corpus was not a ''cause'' transferable to the Supreme Court after decision by a District Court of Appeal as contemplated by the Constitution.

The necessary result of the ruling in the Zany case was that it was within the power of the superior court or a District Court of Appeal on habeas corpus to discharge from custody an inmate of a state's prison, even for an insufficient reason, without the right of appeal by the People in the one case or the right of the People to petition for a hearing in the Supreme Court, in the other.

In 1927 the Legislature took a hand in the matter by enacting section 1506 of the Penal Code. That section as originally enacted provided in substance, and as amended in 1951 now provides, that ''An appeal may be taken to the district court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus *discharging* a defendant *after his conviction* in all criminal cases . . . ; and in all criminal cases . . . *after conviction* of the defendant where an application for a writ of habeas corpus has been heard and determined in a district court of appeal, either the defendant or the people may apply for a hearing in the Supreme Court. . . .'' (Emphasis added.)

In *In re Alpine* (1928), 203 Cal. 731 [265 P. 947, 58 A.L.R.

1500], which was the first decision of this court construing section 1506, it was said at page 745, that it "is clear from the language of said section that an appeal is only allowable *after conviction*. . . . In *In re Zany*, 164 Cal. 724 [130 P. 710], this court held upon the law as it then existed that the decision of any court in a *habeas corpus* proceeding, provided the court had jurisdiction, could not be reviewed by any other court." It was stated in *In re Chessman*, 44 Cal. 2d 1 at page 4 [279 P.2d 24], that this court has consistently denied "an appeal where the habeas corpus order was not made after conviction in a criminal case prosecuted by indictment or information." (See *Loustalot* v. *Superior Court*, 30 Cal.2d 905 [186 P.2d 673] ; *Thuesen* v. *Superior Court*, 215 Cal. 572 [12 P.2d 8] ; *In re Bruegger*, 204 Cal. 169 [267 P. 101].)

The power of the Legislature to enact section 1506 has never been successfully challenged. It is observed that pains were there taken to limit the instances in which an appeal from the superior court in habeas corpus proceedings would be allowed and in which petitions for hearing in the Supreme Court would be available after decision by a District Court of Appeal. ▮ Definitely and without the slightest ambiguity the right of appeal and right to petition for hearing are limited to cases arising after conviction in all criminal cases. In *In re Page*, 214 Cal. 350 [5 P.2d 605], the petitioner was convicted in the municipal court for violation of a municipal ordinance, a misdemeanor. He appealed to the appellate department of the superior court, contending that the ordinance was unconstitutional. The judgment was affirmed. The defendant filed an original application for the writ of habeas corpus in the District Court of Appeal where the ordinance was declared unconstitutional and the petitioner was discharged. A petition by the People for a hearing in this court was granted. The petitioner objected to a determination of the matter on the merits on the ground that this court was without jurisdiction. The objection was sustained on the ground that the case did not come within the class of cases provided for in section 1506 in which a hearing could be granted. This court refused to extend the application of that section to cases not coming specifically within its terms. It was there decided in effect that the petition for hearing had been improvidently granted and an order of dismissal was entered. That is the legal situation here. The petitioner is being prosecuted on a felony charge, but there has been

no conviction for the obvious reason that there has as yet been no trial. Under established law the order of the District Court of Appeal discharging the petitioner from custody was final when made and the matter was improperly transferred to this court. For that reason the proceeding is dismissed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.