[Civ. No. 19707. First Dist., Div. Two. Jan. 12, 1961.]

SHIRLEY M. MURPHY, Petitioner, v. SUPERIOR COURT
OF THE CITY AND COUNTY OF SAN FRANCISCO,
Respondent.

James T. Davis for Petitioner.

Thomas C. Lynch, District Attorney, and John M. Dean, Assistant District Attorney, for Respondent.

KAUFMAN, P. J.—Petitioner seeks to restrain the respondent court from proceeding to hear an alleged violation of Penal Code, section 217 (assault with intent to commit murder) upon the grounds that no reasonable or probable cause existed to form a basis upon which to hold petitioner to answer. Petitioner's point is well taken.

On October 13, 1960, petitioner came regularly before the Municipal Court of the City and County of San Francisco, having been charged with violation of Penal Code, section 217, assault with intent to commit murder. It was charged that she had committed the offense upon the person of her husband, Harry Murphy, on July 19, 1960.

Murphy testified that when he had been drinking, petitioner would hide his pistol. The practice occasioned several arguments.

On July 15, 1960, four days before that of the alleged offense, Murphy had asked petitioner's company at a baseball game. Upon discovering that Murphy's friends were to accompany them, petitioner declined the invitation with some acrimony. Murphy returned home that night to find the pistol missing from its usual resting place.

On the morning of July 19, 1960, Murphy testified he had seen his gun in the bathroom. That evening, he returned home from work and proceeded to take a shower. While he was showering, petitioner entered the bathroom and began to place the gun on a clothes hamper near the tub, saying "Here is your damn gun if that is what the beef is." Murphy testified that he stepped half out of the shower and "grabbed

ahold of it and gave it a yank and it went off," wounding him. Murphy further testified that his wife did not enter the bathroom pointing the gun at him and that his wife had never threatened to kill him. He testified that he believed his wife, petitioner, had been drinking that evening.

The above is a succinct résumé of the *sole* eyewitness testimony before the lower court relating to the occurrence. The only other testimony adduced was that of two police officers who testified that petitioner had variously related to them her location about the premises at the time of the alleged crime and that she had disclaimed knowledge of the location of the gun.

Strangely, upon the above facts, a motion to dismiss was denied by the municipal court at arraignment and a motion to set aside the information was denied by the superior court. It is the latter denial that forms the basis for this petition. The petition must be granted.

■ "It is, of course, elementary that before a defendant may be held to answer to the superior court it must appear from the testimony at the preliminary examination that a public offense had been committed . . ." (*Hall* v. *Superior Court*, 120 Cal.App.2d 844, 847 [262 P.2d 351]), and " '. . . there is sufficient cause to believe the defendant guilty thereof.' (Pen. Code, § 872; *In re Schuber* . . . ; *In re Williams*, 52 Cal.App. 566 [199 P. 347].)" (*People* v. *Schuber*, 71 Cal. App.2d 773, 775 [163 P.2d 498].)

■ No reasonable conclusion can be drawn from the facts in evidence before the committing magistrate in this case that would support a conclusion that a public offense had been committed. The sole testifying witness to the occurrence, and the purported victim of the assault, stated unequivocally under both direct and cross-examination that as the petitioner was laying the gun on the clothes hamper, he grasped it "and gave it a yank and it went off." It is abundantly clear from his testimony that it was his action in grasping the gun that caused its discharge and his wound. There is no testimony whatever that his action was precipitated by any reason other than wanting to get rid of it by "throw[ing] it down the incinerator." Murphy's repeated statements to the effect that petitioner was placing the gun on the clothes hamper rather than directing it at him adds to the obvious conclusion that the gun was discharged accidentally as a result of his own act rather than by design or direct act

on the part of the petitioner. A search of the statutes has turned up no "public offense" arising from self-caused wounds. It is clear that there was no evidence before the court of the commission of a public offense.

It seems further clear that should a public offense appear to have been committed, which is not the case here, there is no sufficient cause to believe petitioner guilty thereof. Sufficient cause has been defined as "reasonable or probable cause" which in turn has been defined as that ". . . state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. . . ." (*People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344].)

 The testimony of Murphy absolves the petitioner as the active agent of the shooting. Under the facts, the only reasonable conclusion that can be drawn from his testimony is that Murphy accidentally shot himself while grasping the gun on the hamper. The conflicting extrajudicial statements of petitioner as to her whereabouts at the time of the wounding do not detract from that fact nor are they inconsistent therewith.

 It is also pointed out that the extrajudicial statements of an accused cannot be considered where there is no showing whatever that the victim incurred his injury by the act of a criminal agency sufficient to constitute a prima facie corpus delicti. (See *In re Flodstrom,* 134 Cal.App.2d 871, 874-875 [277 P.2d 101]; and *People* v. *Schuber, supra.*) As pointed out in *People* v. *Schuber, supra,* at page 777, and as should have been abundantly evident here, conjecture and surmise alone are no substitutes for competent evidence.

 Inasmuch as under the facts presented, petitioner fell squarely within the purview of Penal Code, section 995 (commitment without reasonable or probable cause), respondent court should have granted her motion to set aside the information. Therefore, having proceeded timely under Penal Code, section 999a, she is entitled to have a peremptory writ of prohibition issue, restraining respondent court from further proceeding upon the matter.

Writ to issue as prayed.

Draper, J., and Shoemaker, J., concurred.