[Crim. No. 4647.   Second Dist., Div. Two.   Oct. 4, 1951.]

THE PEOPLE, Appellant, v. WILLIAM RAMOS,
Respondent.

Edmund G. Brown, Attorney General, Dan Kaufmann,
Deputy Attorney General, Roy A. Gustafson, District Attorney (Ventura County), and Donald L. Benton, Deputy District Attorney, for Appellant.

M. Arthur Waite for Respondent.

McCOMB, J.—From an order granting defendant's motion to set aside an information charging him with violating (1) section 109 of the Penal Code,[1] and (2) section 4534 of the Penal Code,[2] the People appeal.

---

[1] Section 109 of the Penal Code reads: ''Any person who wilfully assists any inmate of any public training school or reformatory to escape, or in an attempt to escape from such public training school or reformatory is punishable by imprisonment in the State prison not exceeding 10 years, and fine not exceeding ten thousand dollars ($10,000).''

[2] Section 4534 of the Penal Code reads: ''Any person who wilfully assists any paroled prisoner whose parole has been revoked, any escape,

*Facts:* After having been so charged, defendant was arraigned and a preliminary examination was conducted at the conclusion of which the justice's court held defendant to answer the charges in the superior court. Thereupon the information above described was filed.

Defendant moved to set aside the information under the provisions of section 995 of the Penal Code on the ground that he had been illegally committed by the magistrate, in that he had been committed without reasonable or probable cause. This motion was granted by the superior court.

■ *Question: Was there sufficient evidence before the trial court to show reasonable or probable cause that (1) a public offense had been committed, or (2) defendant was guilty thereof?*

*No.* The only evidence taken before the committing magistrate was that of the Superintendent of the Ventura School for Girls, in which she testified relative to the history and commitment of Shirley Sylvester through the Youth Authority, and of Bill Ray Welch, who testified in substance that he and defendant met Shirley Sylvester in front of a garage in Ojai on December 23, 1950, approximately 13 miles from the Ventura School for Girls. His testimony further disclosed that they invited her to go for a ride with them which she accepted; that while riding she told them that she was from the Ventura Girls' School; also that he and defendant stayed all night with her at a ranch house in Ojai and saw her several times thereafter.

Clearly such evidence fails to give rise to any inference that defendant knew the girl had escaped from the Ventura School for Girls and that he with knowledge of such fact aided, abetted or assisted her in escaping, or concealed her with the intent of enabling her to elude pursuit.

Hence there is no reasonable or probable cause to sustain the commitment (*In re Schuber,* 68 Cal.App.2d 424, 425 [156 P.2d 944]), and the trial court properly quashed the information.

In view of our conclusion it is unnecessary to discuss other points raised by counsel.

Affirmed.

Moore, P. J., concurred.

---

any prisoner confined in any prison or jail, or any person in the lawful custody of any officer or person, to escape, or in an attempt to escape from such prison or jail, or custody, is punishable as provided in Section 4533 of the Penal Code.''