[Crim. No. 4826. Second Dist., Div. One. Oct. 10, 1952.]

THE PEOPLE, Appellant, v. WILLIAM RAMOS, Respondent.

Edmund G. Brown, Attorney General, Dan Kaufmann, Deputy Attorney General, Roy A. Gustafson, District Attorney (Ventura), and Donald L. Benton, Deputy District Attorney, for Appellant.

M. Arthur Waite for Respondent.

DRAPEAU, J.—For the second time defendant in this case, William Ramos, is before the court, charged with assisting an inmate of the Ventura School for Girls to escape. The school is a correctional state institution.

In each case an information filed by the District Attorney of Ventura County was set aside by the superior court for the reason that the evidence taken on the preliminary examination was insufficient to show reasonable or probable cause that a public offense had been committed and that defendant was guilty thereof. (See Pen. Code, § 995.)

The People appealed from the order in the first case and it was affirmed in *People* v. *Ramos,* 106 Cal.App.2d 709 [235 P.2d 864.]

Then the district attorney filed another information, after complaint and preliminary examination in the justice's court. Defendant moved to set aside this information, which motion, as stated, was granted, and again the People appeal.

On the first appeal this court stated the facts as follows (106 Cal.App.2d 709, 710 [235 P.2d 864]):

"The only evidence taken before the committing magistrate was that of the Superintendent of the Ventura School for Girls, in which she testified relative to the history and commitment of Shirley Sylvester through the Youth Authority, and of Bill Ray Welch, who testified in substance that he and defendant met Shirley Sylvester in front of a garage in Ojai on December 23, 1950, approximately 13 miles from the Ventura School for Girls. His testimony further disclosed that they invited her to go for a ride with them which she accepted; that while riding she told them that she was from the Ventura Girls' School; also that he and defendant stayed all night with her at a ranch house in Ojai and saw her several times thereafter."

On the second preliminary examination the facts were about the same, with the following additions:

Defendant and Bill Welch picked up two girls in front of the garage, rather than one. The boys took the girls for a ride around Ventura County, and then to a ranch house where they stayed all night. While riding around, the girls told the boys that they were from the state school. The boys and girls remained together around Ojai for several days. Part of the time was spent at the home of defendant's mother and father. Then they all went to San Francisco.

While in San Francisco the boys ran out of money, and defendant's car broke down. Defendant's folks sent him some money, on his promise to come home. With this money he had his car fixed, and took his girl to her home in Bakersfield, where he was arrested.

Apparently nothing was done about the other boy, for he testified at the preliminary examination.

Defendant's extrajudicial statement made in the district attorney's office after his arrest was read into the record on the second preliminary examination. Passing its admissibility for lack of proof of the corpus delicti, it added nothing more to the facts than already recited.

The gravamen of the offense with which defendant was charged is to "wilfully assist any inmate of any public training school or reformatory to escape." (Pen. Code, § 109.)

In *People* v. *Murphy,* 130 Cal.App. 408, 409 [20 P.2d 63], it is said:

"The point is settled without dissent, in those few jurisdictions in which it has arisen, that one cannot be guilty of such a crime as that specified in section 109 of the Penal Code unless his effort *accompanies* an actual attempt upon the part of someone else to free himself from the confinement of prison walls or from the custody of some minion of the law." (Emphasis added.)

Concededly, in this case neither defendant nor his companion had anything to do with the escape of the two girls. So the record here presented, as in the former case, fails to establish the offense with which defendant is charged. (*People* v. *Ramos, supra; People* v. *Murphy, supra.*)

This conclusion is buttressed by the fact that section 1152 of the Welfare and Institutions Code provides:

"Any person who knowingly permits or aids any inmate of Preston School of Industry, Fred C. Nelles School for Boys,

or Ventura School for Girls to escape therefrom, or conceals him with the intent of enabling him to elude pursuit, is guilty of a misdemeanor.''

Appellant's argument that the latter section is a special law, and therefore unconstitutional, and that, therefore, Penal Code, section 109, is applicable to this case does violence to the principles of logic.

The order setting aside the information is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 23, 1952, and appellant's petition for a hearing by the Supreme Court was denied November 6, 1952. Edmonds, J., and Spence, J., were of the opinion that the petition should be granted.