[Crim. No. 3454. In Bank.—November 25, 1931.]

In the Matter of the Application of MILTON PAGE for a Writ of Habeas Corpus.

Charles P. Johnson, City Prosecutor, Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Petitioner.

Paul W. Schenck for Respondent.

RICHARDS, J.—Milton Page was proceeded against by complaint filed in the municipal court in and for the city of Los Angeles upon the charge of having violated section 2a of Ordinance No. 16259 (N. S.) of said city, prohibiting the publication, distribution, sale or giving away of tips or other information upon or concerning horse-races or upon or concerning betting upon horse-races. Upon his trial he was adjudged guilty and was imprisoned upon said judgment. He appealed to the appellate department of the Superior Court in and for the City of Los Angeles, but after a hearing therein the superior court affirmed the judgment of the trial court. A petition for rehearing

was denied; whereupon he petitioned the District Court of Appeal in and for the Second Appellate District for a writ of *habeas corpus*, contending that said ordinance, and more particularly section 2a thereof, was unconstitutional and void, and that he was, therefore, illegally restrained of his liberty. The District Court of Appeal issued said writ and after a hearing thereon granted the defendant's petition, holding the ordinance and the requirements thereof to be void, and thereupon made its decision and order discharging the defendant from custody. The People through the attorney-general filed a petition for rehearing before said District Court of Appeal, but which court, though allowing the petition for rehearing to be filed, dismissed the same upon the ground that the judgment was final and that no petition for rehearing was provided for by law in such a proceeding. Thereupon the People, through the attorney-general, applied to this court for a hearing after decision by the District Court of Appeal, basing the right so to do primarily upon the provisions of section 1506 of the Penal Code as enacted in 1927. (Stats. 1927, chap. 628, p. 1061.) Said application was granted by this court and a hearing had thereon, at which the defendant appeared and through his counsel objected to the hearing and determination of the matter by this court upon the general ground that this court was without jurisdiction or power to grant said hearing or to hear or determine the merits of the applicant's petition for a writ of *habeas corpus*, or to review upon such hearing the final action of the District Court of Appeal in granting the writ and in the discharge of the defendant upon a hearing before the appellate tribunal thereon. The defendant further particularly insisted that section 1506 of the Penal Code had no application to this case or to proceedings by way of *habeas corpus* initiated in the District Court of Appeal and predicated upon cases prosecuted otherwise than by indictment or information in a court of record and wherein a defendant had been discharged after a hearing before said appellate tribunal.

The first question presented for our determination is as to whether or not the provisions of section 1506 of the Penal Code can be given application to this proceeding. Section 1506 as enacted in 1927, reads as follows: "An

appeal may be taken to the district court of appeals by the people from a final order of a superior court made upon the return of a writ of *habeas corpus* discharging a defendant after his conviction, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered, and in such cases to the supreme court; and in all criminal cases prosecuted by indictment or information in a court of record, where upon appeal or original application after conviction of the defendant an application for a writ of *habeas corpus* has been heard and determined in a district court of appeal, either the defendant or the people may apply for a hearing in the supreme court. Such appeal shall be taken and such application for hearing in the supreme court shall be made in accordance with rules to be laid down by the judicial council. If the people appeal, or petition for hearing in either the District Court of Appeal or the supreme court, the defendant shall not, in any case in which the judgment of conviction has become final, be discharged from custody pending final decision upon the appeal or petition for hearing and he must, in such cases, be retaken into custody if he has been discharged; provided, however, that in bailable cases the defendant may be admitted to bail, in the discretion of the judge, pending decision of the appeal or petition for hearing.'' It will be seen at a glance that the foregoing provisions of this section of the Penal Code which purport to provide for a hearing in this court after decision by the District Court of Appeal either granting or denying said application is by the express terms thereof limited to ''all criminal cases prosecuted by indictment or information in a court of record'' wherein, after conviction of the defendant ''an application for a writ of *habeas corpus* has been heard and determined in the district court of appeal.'' It is the contention of the defendant that since the proceeding against him in the municipal court was one prosecuted neither by indictment nor information but by a complaint filed against him in the municipal court charging the commission of a misdemeanor, to wit, the violation of said ordinance, the provisions of section 1506 of the Penal Code cannot be so far extended as to have application to his case, or as to permit or provide for a hearing before this

court after a decision in his favor upon such *habeas corpus* proceeding instituted, heard and determined by the District Court of Appeal. ██ The attorney-general, on the other hand, undertakes to argue that the language of the foregoing section of the Penal Code having particular reference to criminal cases prosecuted by indictment or information in a court of record should be so liberally interpreted as to also embrace criminal cases prosecuted by complaint in a court of record, or, in other words, to misdemeanors as well as felonies. We are unable to give our assent to this contention. ██ The words "indictment" and "information" as used in the criminal laws of this as well as other jurisdictions have acquired and been accorded a very precise definition. They have been applied to proceedings for the prosecution of felonies in courts of record and have never been given application to mere misdemeanors, the prosecution of which is initiated by the filing of complaints in the lower tribunals which may not be courts of record at all. We are cited to no authority directly construing section 1506 of the Penal Code, and the cases of *People* v. *Jordan,* 65 Cal. 644 [4 Pac. 683] and *Garrett* v. *Superior Court,* 79 Cal. App. 273 [249 Pac. 871], having reference to certain other sections of the Penal Code, are clearly to be differentiated by the very terms thereof from the instant proceeding. ██ We are, therefore, of the opinion that the attorney-general in urging upon this court that it should take and retain jurisdiction over this matter under the provisions of section 1506 of the Penal Code, cannot be given support.

██ It is further, however, contended on behalf of the People that this court should entertain this proceeding under the broad provisions of article VI, sections 4, 4a, 4b and 4c of the state Constitution. Section 4 of article VI of the Constitution defining the appellate jurisdiction of the Supreme Court of California formed a part of the Constitution as adopted in 1879. It was, however, amended in 1904 (see Stats. 1905, p. xxxiv), at the time of the creation of our system of District Courts of Appeal, and as so amended it proceeded in part to provide that "the said court shall also have appellate jurisdiction in all cases, matters and proceedings pending before a District Court of Appeal which shall be ordered by the Supreme Court

to be transferred to itself for hearing and decision as hereinafter provided. The said court shall also have power to issue writs of *mandamus, certiorari,* prohibition and *habeas corpus,* and all other writs necessary or proper to the complete exercise of its appellate jurisdiction." By section 4b of said article, as thus amended, the District Courts of Appeal were provided for and their jurisdiction defined, and it was therein declared that "The said courts shall have power to issue writs of *mandamus, certiorari* prohibition and *habeas corpus,* and all other writs necessary or proper to the complete exercise of their appellate jurisdiction." In 1928 the foregoing provisions of the Constitution were revised and section 4c was added to said article, which repeated the phraseology of said article in its original form, and proceeded again to state that "The Supreme Court shall have power to order any cause pending before the Supreme Court to be heard and determined by a District Court of Appeal and order any cause pending before a District Court of Appeal to be heard and determined by the Supreme Court. The order last mentioned may be made before judgment has been pronounced by a District Court of Appeal, or within fifteen days in criminal cases or thirty days in all other cases after such judgment shall have become final therein. The judgment of the District Courts of Appeal shall become final therein upon the expiration of fifteen days in criminal cases or thirty days in all other cases after the same shall have been pronounced. The Supreme Court shall have power to order causes pending before a District Court of Appeal for one district to be transferred to the District Court of Appeal for another district, or from one division thereof to another, for hearing and decision." The foregoing provisions of the state Constitution, as originally enacted, came before the Supreme Court of this state for interpretation in *Matter of Zany,* 164 Cal. 724 [130 Pac. 710], in the year 1913, the precise question presented for determination in that matter being as to whether an application for hearing in said court after decision by a District Court of Appeal in a *habeas corpus* proceeding discharging the petitioner therein from custody could be entertained by the Supreme Court under and by virtue of the provisions of section 4 et seq. of article VI of the state Constitution in the form and phrasing thereof existing at the time of said de-

cision. It may be stated parenthetically that the substance and effect of said provisions of the Constitution as they then existed have not been materially changed by the more recent revision. It was therein decided by the Supreme Court, five justices thereof concurring, that under the foregoing provisions of the state Constitution the Supreme Court had been given no power to transfer a proceeding in *habeas corpus* initiated in a District Court of Appeal to the Supreme Court for a hearing therein after decision thereof, whether for or against the petitioner, by the appellate tribunal. To the conclusion thus arrived at by the majority members of said court, Mr. Justice Shaw presented a vigorous dissenting opinion, urging that a *habeas corpus* proceeding initiated in a District Court of Appeal was as much a "cause" instituted and pending therein as any other proceeding, the institution, pendency and decision of which was committed to the District Courts of Appeal by virtue of the foregoing provisions of the state Constitution. The prevailing opinion in the *Matter of Zany, supra,* has, however, remained the rule by which later cases, not a few in number, have been controlled during the intervening years. In the year 1927, however, the state legislature undertook to legislate upon the subject through the enactment of section 1506 of the Penal Code, the text of which enactment is fully set forth in an earlier part of this decision. In so doing the legislature undertook to declare not only that an appeal may be taken to the District Courts of Appeal by the People from a final order of a superior court made upon the return of a writ of *habeas corpus* discharging a defendant after his conviction in all criminal cases prosecuted by indictment or information in a court of record—with the exception of capital cases—in which a direct appeal is allowed to the Supreme Court, but also undertook to provide that "In all criminal cases prosecuted by indictment or information in a court of record, where upon appeal or original application after conviction of the defendant an application for a writ of *habeas corpus* has been heard and determined by a District Court of Appeal, either the defendant or the people may apply for a hearing in the Supreme Court." In the case of *In re Alpine,* 203 Cal. 731 [58 A. L. R. 1500, 265 Pac. 947], there was brought before this court for its determination the question as to whether under the fore-

going provisions of section 1506 of the Penal Code a petition for hearing would be entertained and determined by this court after a decision by the District Court of Appeal discharging a writ of *habeas corpus* sued out by petitioner therefor after he had been held to answer in the superior court upon an information filed therein charging him with murder, in which case, after an exhaustive consideration thereof by this court, it was decided that the state legislature had power to confer the jurisdiction provided for in said section of the Penal Code upon this court. The effect of that decision was none other than to hold that a *habeas corpus* proceeding initiated in a District Court of Appeal, after the conviction of the defendant, in all criminal cases prosecuted by indictment or information in a court of record, was such a "cause" pending in said appellate tribunal as to permit an application for hearing to be made to the Supreme Court after the decision of such *habeas corpus* proceeding by the appellate. tribunal. It will thus be seen that the state legislature in enacting section 1506 of the Penal Code, and that this court in its aforesaid recent decision upholding said legislation, has each gone far in the direction of changing the rule laid down in the *Matter of Zany, supra.* It is therefore urged by the attorney-general upon this application for a hearing in the instant matter that this court should go further than the legislature has done in the enactment of section 1506 of the Penal Code, or than this court has furthermore done in *In re Alpine, supra,* upholding said legislation to the extent of deciding that every proceeding by way of *habeas corpus* instituted and pending in a District Court of Appeal, whether for the review of cases prosecuted in courts of record by indictment or information, or of cases prosecuted in courts of record by complaints, filed therein in misdemeanor cases should be subject to proceedings for a hearing in this court after decision by the appellate tribunal under the foregoing broad provisions of the state Constitution. We are of the opinion, however, that in view of the fact that the Zany case has stood as the rule of decision in such matters for so many years, and of the further fact that the state legislature has recently undertaken to enact legislation which, it is true, has only gone part way in overthrowing the effect of the Zany decision, this court ought not at this time attempt to go further

than the legislature in its recent endeavor has already done, and which we have thus far upheld, in the adoption of a statutory enactment entirely dealing with the subject of hearings before this court in *habeas corpus* matters of whatever character or origin pending in District Courts of Appeal. We have therefore concluded not to attempt to expand the rule thus far embodied in section 1506 of the Penal Code so as to embrace cases having their origin in prosecutions instituted by the filing of complaints in lower tribunals, at least until the legislature has been given an opportunity to further expand the rule upon that subject thus far expressed and covered by the provisions and limitations of section 1506 of the Penal Code.

In harmony with these conclusions it is, therefore, ordered that the proceeding for a hearing herein before this court, after decision by the District Court of Appeal discharging the defendant, should be and the same is hereby dismissed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.