[Crim. No. 3410. In Bank.—December 9, 1931.]

In the Matter of the Application of GEORGE MEFFERD et al. for a Writ of Habeas Corpus.

William P. Redmond for Petitioners.

U. S. Webb, Attorney-General, Frank Richards, Alberta Belford and Clyde P. Harrell, Jr., Deputies Attorney-General, Erwin P. Werner, City Attorney, George A. Dockweiler, Deputy City Attorney, Charles P. Johnson, City Prosecutor, and Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

WASTE, C. J.—In a criminal action commenced by the filing of a complaint in the Municipal Court of the City of Los Angeles the petitioners, George Mefferd and Joseph Waldman, were convicted of violating certain provisions of the Fruit, Nut and Vegetable Standardization Act. (Stats. 1927, p. 1845.) Contending that the act is unconstitutional and void, the petitioners appealed to the appellate department of the superior court from the judgment of conviction. The judgment was affirmed and the petitioners applied to the District Court of Appeal (Second Appellate District, Division Two) for a writ of *habeas corpus*, which was granted. In a written opinion [*In re Mefferd*, 110 Cal. App. 1, 6 Pac. (2d) 71] that court declared the act to be unconstitutional and discharged the petitioners from custody. The attorney-general thereupon made application to

this court for a hearing, which was allowed. On May 1, 1931, this court filed its opinion declaring the Fruit, Nut and Vegetable Standardization Act to be a proper and valid exercise of the police power, and the petitioners were remanded to the custody of the sheriff of the county of Los Angeles. ▮ On a petition for rehearing the petitioners urged, for the first time, that the Superior Court was without jurisdiction to review an order of the District Court of Appeal discharging a defendant from custody on *habeas corpus,* when the charge of which the defendant stands convicted originated by way of complaint as distinguished from a charge having its inception in an indictment or an information. In support of this contention the petitioners cited *In re Zany,* 164 Cal. 724, and section 1506 of the Penal Code. In substance, petitioners contended in their application for rehearing that, under the Zany decision, *supra,* and prior to the passage of section 1506 of the Penal Code, this court was without jurisdiction to review an order of the District Court of Appeal discharging a defendant from custody, and that section 1506, added to our Penal Code in 1927 (Stats. 1927, chap. 628), provides for such a hearing only when the defendant is discharged after conviction prosecuted by indictment or information. The practice of presenting points for the first time on rehearing is not to be encouraged, but, because another cause involving the same legal question was pending in the court, we granted a rehearing, in order that this jurisdictional question might be fully presented and considered. After granting the rehearing we handed down a decision in *In re Page* (Nov. 25, 1931), 214 Cal. 350 [5 Pac. (2d) 605], in which proceeding the identical point here involved was presented In that case we held that this court is without jurisdiction to review an order or decision of the District Court of Appeal, discharging a defendant from custody on *habeas corpus,* when the charge of which he stands convicted was prosecuted by way of complaint. The decision in the Page proceeding decides the point here involved.

The application for a hearing in the Supreme Court is dismissed, and the petitioners are ordered discharged from custody, as directed by the District Court of Appeal.

Shenk, J., Preston, J., Curtis, J., Richards, J., Seawell, J., and Langdon, J., concurred.

# MEMORANDUM CASES.