[S. F. No. 14735. In Bank.—January 19, 1933.]

EDWARD A. CUNHA, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Edward A. Cunha, *in pro. per.,* Dean Cunha and Harry I. Stafford for Petitioner.

Earl Warren, District Attorney, J. Frank Coakley, Assistant District Attorney, and George C. Perkins, Deputy District Attorney, for Respondents.

THE COURT.—Review to annul an order of the respondent court adjudging the petitioner guilty of contempt and imposing upon him a sentence of five days in jail and a fine of $500, with the alternative of imprisonment if the fine be not paid.

The petitioner was chief counsel for the defendant in the case of *People* v. *James R. Kelly,* commenced and tried in the respondent court. After the conclusion of the trial the petitioner was cited to appear and show cause why he should not be punished for contempt. After an extended hearing he was found guilty and committed to the custody of the sheriff of Alameda County. He thereupon filed an application for a writ of *habeas corpus* in the District Court of Appeal, First District, Division One. The writ was granted and he was released from custody upon bail approved by a judge of that court pending a determination of the matter.

Five days after the *habeas corpus* proceeding was instituted the petitioner filed with said District Court of Appeal his petition for a writ of review to annul said judgment

of contempt. The writ was granted. The sheriff filed his return to the writ of *habeas corpus* and three days later the respondent court filed a return to the writ of review. Both matters came on for hearing before the District Court of Appeal. An opinion was written and filed by that court in the *habeas corpus* matter wherein it was determined that the judgment was void. The order of contempt was accordingly "annulled and the petitioner released from custody". (*Ex parte Cunha,* 123 Cal. App. 625 [11 Pac. (2d) 902, 906].) On the same day the District Court of Appeal also entered an order in the present proceeding annulling the order of contempt on the authority of the prior opinion and order in the *habeas corpus* matter. Petitions for hearing in this court were filed in both matters. The petition for hearing in the *habeas corpus* matter was denied by this court "on the ground that the court has not jurisdiction to entertain the application". (Minutes of the Court, June 20, 1932.) This for the reason that there is no provision of law empowering this court to review the order of the District Court of Appeal in a *habeas corpus* proceeding except in the cases provided for in section 1506 of the Penal Code, added in 1927, of which said proceeding was not one. (*In re Zany,* 164 Cal. 724 [130 Pac. 710]; *In re Page,* 214 Cal. 350 [5 Pac. (2d) 605]; *In re Palmer,* 214 Cal. 792 [5 Pac. (2d) 608]; *In re Mefford,* 215 Cal. 768 [6 Pac. (2d) 71].)

The petition for a hearing in the present matter was granted for the reason that we were in doubt as to the correctness of the reasoning and conclusions which by reference were made the basis of the order herein by the District Court of Appeal. We were impressed with the showing on the part of the respondent as to the improper conduct of the petitioner and as to the validity of the order of contempt; but on the further consideration of the cause before us on the merits we are met with the contention of the petitioner that the present matter presents a question which is entirely moot. In this connection it appears that the order of contempt has been annulled and the alleged contemnor discharged from custody by a judgment of a court having jurisdiction in the premises, which judgment has become final and is not subject to review by any court in the land. To pass upon the merits of the present proceed-

ing would be an idle act. If the order of contempt were affirmed and the petitioner were again taken into custody for the same offense, the effect and finality of the judgment of the District Court of Appeal on the *habeas corpus* proceeding would entitle him to his immediate discharge.

The respondent contends that although the petitioner proceeded by two distinct methods, namely, by *habeas corpus* and by *certiorari*, nevertheless the same amounted in effect to one proceeding wherein this court may consider the order on *habeas corpus* as one in *certiorari*. While the result of either proceeding might be the same in that the order of contempt might be set aside in either, the two proceedings are so separate and distinct in law that we find no justification for treating them as one and the same. The fact that the judgment of the District Court of Appeal in the *habeas corpus* proceeding is final and not subject to review, whereas the order of that court in the review proceeding was subject to transfer to this court, does not present a judicial question. It is so because the law so provides. As the court may not be called upon to determine questions which have become purely academic and moot (*Wright* v. *Board of Public Works*, 163 Cal. 328 [125 Pac. 353]; 2 Cal. Jur., p. 123), there is no alternative but to discharge the writ of review and dismiss the proceeding.

It is so ordered.