Filed 12/15/25  Howell Management Services v. Vashisht-Rota CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HOWELL MANAGEMENT SERVICES, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>APARNA VASHISHT-ROTA,<br><br>    Defendant and Appellant. | D086055<br><br><br>(Super. Ct. No. 37-2024-00005370-CU-EN-CTL) |

APPEALS from orders of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Dismissed.

Aparna Vashisht-Rota, in pro. per., for Defendant and Appellant.

Law Office of Timothy A. Horton and Timothy A. Horton for Plaintiff and Respondent.

Howell Management Services, LLC (HMS), recovered a multimillion-dollar judgment against Aparna Vashisht-Rota for defamation in a Utah state court and then obtained a California judgment based on the Utah judgment.  In a prior appeal, we affirmed the superior court's order denying Rota's motion to vacate the California judgment.  The superior court

subsequently issued orders denying Rota's motion to stay enforcement of the judgment, imposing monetary sanctions on her for failing to appear at a duly noticed hearing, and denying her motion for satisfaction of judgment. Rota appeals those orders. We dismiss the first appeal for lack of jurisdiction, the second under the disentitlement doctrine, and the third as frivolous. We impose monetary sanctions on Rota for prosecuting a frivolous appeal and for unreasonably violating the California Rules of Court.

## I.

## BACKGROUND

A. *Utah Judgment*

HMS is a Utah-based entity that contracts with colleges and universities to recruit mostly international students for enrollment. Starting in 2015 and continuing into 2017, HMS entered a series of contracts with August Education Group, LLC (AEG), an entity of which Rota was the managing member, to perform services for HMS as an independent contractor.

A dispute about compensation arose, and in November 2017, HMS sued AEG and Rota in the First Judicial District of the State of Utah (the Utah court) for a declaration it owed them no money and an injunction enforcing posttermination obligations of the operative contract. HMS later amended its complaint to add claims for defamation and related torts. As a sanction for persistent discovery misconduct by AEG and Rota, the Utah court struck their answer and counterclaim (which alleged counts for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment), and entered their default. Rota's interlocutory appeal of the order striking her pleadings and entering her default was dismissed as a sanction for abusive filings.

2

The Utah court held an evidentiary hearing on HMS's damages at which Rota and AEG did not appear even though they had been given notice. The Utah court declared HMS owed AEG and Rota no money, awarded HMS $8,859,175 in damages against AEG and Rota for defamation, and entered judgment to that effect in October 2023 (the Utah judgment). Rota's appeal of the Utah judgment was dismissed.

B.   *California Judgment*

In February 2024, HMS filed in the superior court an application under the Sister State Money Judgments Act (SSMJA or Act; Code Civ. Proc., § 1710.10 et seq.) for entry of a judgment against Rota based on the Utah judgment. HMS did not seek entry of a judgment against AEG, apparently because it had been dissolved. The clerk entered a judgment for HMA against Rota for $9,034,805.27, which included the principal amount of the Utah judgment plus accrued interest.

C.   *Order Denying Motion to Vacate California Judgment*

Rota filed a motion to vacate the California judgment (Code Civ. Proc., § 1710.40) on the grounds the Utah court lacked jurisdiction and denied her due process of law and a fair trial, she had defenses she could not present to the Utah court, and the Utah judgment was not a final judgment entitled to full faith and credit in California. The superior court denied the motion on July 13, 2024. On Rota's appeal, we affirmed the denial order. (*Howell Management Services, LLC v. Vashisht-Rota* (Feb. 2, 2025, D084575) [nonpub. opn.].) The Supreme Court of California denied Rota's petition for review (S289204, Supreme Court Mins., Mar. 26, 2025), and the remittitur issued on April 10, 2025.

3

D.    *Subsequent Orders*

After the superior court denied her motion to vacate the judgment, it issued three other orders against Rota that are the subjects of these appeals.

1.    *Order denying motion for stay*

The day after Rota filed a notice of appeal from the order denying her motion to vacate the judgment, she scheduled an ex parte hearing on a motion to stay of enforcement of the judgment while the appeal was pending. She filed no papers in support of the motion, however, and the superior court took the matter off calendar on July 24, 2024.

Rota then petitioned this court for a writ of supersedeas and requested an immediate stay of enforcement of the judgment. (Cal. Rules of Court, rules 8.112, 8.116.) We denied the petition on August 5, 2024. She renewed her stay requests in this court, this time by motion, on November 18, 2024. We denied the motion on December 6, 2024.

On November 20, 2024, Rota filed in the superior court a motion to stay all proceedings to enforce the judgment during the pendency of her appeal of the order denying her motion to vacate the judgment and until the court ruled on her motion for satisfaction of judgment, which was set for hearing on May 9, 2025. She argued a stay was warranted because she was likely to prevail on appeal and because the value of services she performed for HMS for which she had not been paid exceeded the amount of the judgment. HMS filed opposition to the motion. The court denied the motion on March 7, 2025.

2.    *Order imposing monetary sanctions*

After HMS filed a motion to compel further discovery responses from Rota, the superior court scheduled an informal discovery conference for February 4, 2025, to try to resolve the outstanding discovery issues without the need for further litigation. The clerk mailed Rota notice of the

4

conference, but she did not appear. The court continued the informal discovery conference to February 27, 2025, and scheduled a status conference for the same date. The clerk mailed Rota notices of these conferences. The notice for the status conference stated: "Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown." Rota did not appear. The superior court then issued an order directing her to appear on April 4, 2025, and to show cause why sanctions should not be imposed for her failure to appear at the status conference. The clerk mailed Rota a copy of the order to show cause.

In response to the order to show cause, the parties submitted briefs and supporting declarations. Rota argued she should not be sanctioned because she struggles with live hearings as a pro se litigant, was confused about the continued hearing date, and did not intentionally violate any court order. In her declaration, Rota asserted she had "complied in substance [with her discovery obligations], acted in good faith, and caused no prejudice to [HMS]." HMS argued sanctions should be imposed on Rota for intentionally defying the court's notice that appearance at the status conference was mandatory. HMS's counsel attached to his declaration multiple e-mails he had received from Rota stating she would not appear at the scheduled conferences because she considered them pointless.

The superior court held a hearing on the order to show cause on April 4, 2025. It was "not persuaded by the different excuses [Rota] offered," noted she was "not a novice litigant" and was "fully aware of her obligation . . . to comply with [c]ourt orders," and found her failure to appear at duly noticed hearings was "without good cause and/or without substantial justification." The court ordered her to pay $1,500 by August 1, 2025. (See Code Civ. Proc.,

§ 177.5 [court may impose up to $1,500 in sanctions on party who violates lawful court order without good cause or substantial justification].)

3. *Order denying motion for satisfaction of judgment*

On November 20, 2024, Rota filed a motion for satisfaction of judgment. (Code Civ. Proc., § 724.050.)[1]  She argued the judgment was satisfied because the value of services she performed for HMS under its contracts with AEG for which she was never paid and must be given credit exceeded the amount of the judgment against her.  HMS opposed the motion on the procedural ground that Rota did not serve a demand for satisfaction of judgment at least 15 days before she filed the motion (*id.*, subds. (c), (d)), and on the substantive ground that the motion was an impermissible attempt by Rota to relitigate as an offset against the judgment issues regarding compensation for her services that had been finally resolved against her by the Utah judgment.  With the opposition, HMS's counsel submitted a declaration stating he had never been served with a demand for acknowledgment of satisfaction of judgment.  Three days before the hearing on the motion, Rota filed a declaration attaching a copy of a "motion for opposing third party appearance or disclosure as judgment satisfied," which she asserted was

---

[1]     Code of Civil Procedure section 724.050, subdivision (a) authorizes a judgment debtor who has satisfied a money judgment to demand the judgment creditor file an acknowledgement of satisfaction of judgment with the court or deliver to the debtor an executed acknowledgment of satisfaction of judgment.  The demand must include a warning that if the judgment creditor does not comply with the demand within 15 days and the judgment debtor commences a court proceeding to compel compliance, the judgment creditor will be liable for the judgment debtor's reasonable attorney fees and, if the court finds the judgment creditor's noncompliance was without good cause, for the judgment debtor's damages and a $100 penalty.  (*Id.*, subd. (b).) If the judgment creditor does not comply with the demand, the judgment debtor may move the court for an order requiring compliance.  (*Id.*, subd. (d).)

served on HMS's counsel and constituted a demand for acknowledgment of satisfaction of judgment.

The superior court held a hearing on May 9, 2025, and denied the motion for satisfaction of judgment. The court ruled there was no evidence Rota made the statutorily required demand for acknowledgment of satisfaction. The court further ruled there was "no proof of payment of any kind, i.e., satisfying the judgment." The court "agree[d] with [HMS] that this motion [was] another attempt by [Rota] to relitigate a final judgment on the merits based on arguments she has lost in . . . this court, the Court of Appeal and other courts."

## II.

## DISCUSSION

Rota appeals the three orders described in part I.D., *ante*. We consider each appeal in turn. We then consider whether to impose monetary sanctions on Rota for prosecuting a frivolous appeal and unreasonably violating the California Rules of Court, as we notified the parties we might do in an order for supplemental briefing on sanctions and other issues.

A.     *Order Denying Motion for Stay*

Rota challenges as an abuse of discretion the superior court's order refusing to stay enforcement of the judgment while her appeal of the order denying her motion to vacate the judgment and her motion for satisfaction of judgment were pending. Because the sole case Rota cited as support for the appealability of the challenged order has nothing to do with appealability and we had doubts about its appealability, we obtained supplemental briefs from the parties on the issue. In her brief, Rota contends the order is an appealable postjudgment order under Code of Civil Procedure section 904.1, subdivision (a)(2). HMS contends the order is not appealable. As we shall

explain, the order denying Rota's stay motion is not appealable, and her appeal of that order must be dismissed for lack of jurisdiction.

Generally, an order denying a motion to stay proceedings in the superior court is not appealable. (See, e.g., *Jarboe v. Hanlee Auto Group* (2020) 53 Cal.App.5th 539, 547 ["an order denying a stay of proceedings is not appealable"]; *Gibson v. Savings & Loan Commissioner* (1970) 6 Cal.App.3d 269, 271–272 ["The order denying petitioner's proposed temporary stay orders was obviously not a final judgment and therefore was not an appealable order"]; *People v. Causey* (1964) 230 Cal.App.2d 576, 578 ["an order denying a stay of execution is not appealable"]; *Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 131 ["The order denying the motion to stay further proceedings is nonappealable"].) Rota contends the general rule does not apply to the order at issue here because it was a postjudgment order affecting enforcement of the judgment under Code of Civil Procedure section 904.1, subdivision (a)(2). We disagree.

The general provisions governing appeals in unlimited civil cases authorize an appeal "[f]rom a judgment" and "[f]rom an order made after a judgment made appealable by paragraph (1)." (Code Civ. Proc., § 904.1, subd. (a)(1), (2).) These general provisions apply to special proceedings of a civil nature (*Knoll v. Davidson* (1974) 12 Cal.3d 335, 343), which include proceedings under the SSMJA (*Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 843). Under the Act, entry of the California judgment against Rota based on the Utah judgment was "a ministerial act of the clerk and not a judicial act of the court" (*Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1203), and such entry did not result in an appealable judgment (*Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 206; *Harris v. EMI Television Programs, Inc.* (1980) 102 Cal.App.3d 214,

8

217).  The order denying Rota's motion to vacate the judgment operated as the final judgment in the SSMJA proceeding for purposes of appeal, because the order determined the parties' rights with respect to the California judgment that was entered based on the Utah judgment and left no issues for future judicial decision except any concerning compliance with the California judgment.  (See Code Civ. Proc., § 1064 [judgment in special proceeding is final determination of parties' rights]; *Olson v. Cory* (1983) 35 Cal.3d 390, 399 (*Olson*) [judgment is final when no issue is left for future consideration except compliance with judgment]; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 [order that finally determines proceeding is judgment].)  That order was appealable.  (*Neuman v. Barbera* (1985) 164 Cal.App.3d 437, 440, fn. 2; *Fishman v. Fishman* (1981) 117 Cal.App.3d 815, 819.)  Hence, the order denying Rota's motion for a stay literally constitutes an order "made after [an appealable] judgment."  (Code Civ. Proc., § 904.1, subd. (a)(2).)

Despite the broad language of Code of Civil Procedure section 904.1, subdivision (a)(2), not every "order that follows a final appealable judgment is appealable."  (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.)  To qualify as an appealable postjudgment order, "such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution."  (*Lake v. Harris* (1926) 198 Cal. 85, 89; accord, *Lakin*, at pp. 651–652; *Olson, supra*, 35 Cal.3d at p. 400.)  The order denying Rota's stay motion does not satisfy this requirement.  It "neither added to nor subtracted from the relief granted by the judgment" (*Lake*, at p. 89), did not "determine[ ] the rights and liabilities of the parties arising from the judgment" (*Lakin*, at p. 656), and "d[id] not enforce the judgment or stay execution of the judgment" (*Wickware v. Tanner* (1997) 53 Cal.App.4th 570, 574).  The challenged order merely refused to stay

9

execution of the judgment.  Thus, the order, though issued after entry of an appealable judgment, is not appealable.  Without an appealable judgment or order, we have no jurisdiction and must dismiss the appeal.  (*Collins v. Corse* (1936) 8 Cal.2d 123, 124; *Chavez Reyes v. Hi-Grade Materials Co.* (2025) 110 Cal.App.5th 1089, 1095, 1104; *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 771.)

Rota invites us to convert the appeal of the order denying the stay motion into an original proceeding for a writ of mandate or prohibition.  She says doing so is "necessary to address (1) judicial bias, (2) due process violations, and (3) the denial of a full and fair hearing on [her] motion to vacate the domesticated Utah judgment."  Although we have power to treat an appeal from a nonappealable order as an original writ proceeding (*Olson, supra*, 35 Cal.3d at p. 401), we decline Rota's invitation to do so for two reasons.

First, the issues Rota wants us to address greatly exceed the scope of those we would need to consider to decide whether the superior court abused its discretion by refusing to stay enforcement of the judgment.  The scope of our review is limited to the order specified in her notice of appeal, i.e., the order denying her stay motion.  (*Faunce v. Cote* (2013) 222 Cal.App.4th 166, 170; *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661.)  Second, Rota's challenge to that order is moot.  A matter becomes moot when events make it impossible for a court to grant effective relief even were it to rule in favor of the party seeking relief.  (*In re D.P.* (2023) 14 Cal.5th 266, 276; *La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590.)  Rota sought to stay enforcement of the judgment while the appeal of the order denying her motion to vacate the judgment and her motion for satisfaction of judgment were pending.  The appeal and the

motion were both decided against Rota and are no longer pending. The stay she wanted thus cannot be granted. An appeal or a writ proceeding that has become moot is subject to dismissal. (*Cunha v. Superior Court* (1933) 217 Cal. 249, 252; *Calleros v. Rural Metro of San Diego, Inc.* (2020) 58 Cal.App.5th 660, 667.)

B.    *Order Imposing Monetary Sanctions*

Rota next complains the superior court abused its discretion and deprived her of property without due process of law (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)) when it ordered her to pay $1,500 as sanctions for refusing to appear at a duly noticed hearing. A court may impose up to $1,500 in sanctions on a party who violates a lawful court order without good cause or substantial justification (Code Civ. Proc., § 177.5), and an order doing so is appealable as a final order on a collateral matter directing payment of money (*Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 975–976; *Wisniewski v. Clary* (1975) 46 Cal.App.3d 499, 502). We do not reach the merits of Rota's appeal of the sanctions order and instead dismiss the appeal under the disentitlement doctrine based on her refusal to pay the sanctions.

Under the disentitlement doctrine, an appellate court has discretion to dismiss an appeal when an appellant has willfully disobeyed a superior court order or engaged in obstructive tactics. (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 346; *Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1229–1230.) "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing [her] demands while [s]he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277.) "It is contrary to the principles of justice to permit one who has

11

flaunted the orders of the courts to seek judicial assistance." (*Estate of Scott* (1957) 150 Cal.App.2d 590, 594.) "The disentitlement doctrine 'is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed.' " (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265 (*Ironridge Global IV, Ltd.*).) The doctrine has been invoked to dismiss appeals from orders imposing monetary sanctions by parties who refused to pay them. (See, e.g., *Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 757; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 166–167.)

On review of the record, we found no evidence Rota had paid the $1,500 in sanctions the superior court imposed on her. We obtained supplemental briefs from the parties on whether Rota had paid the sanctions and, if not, whether her nonpayment supported dismissal of the appeal of the sanctions order under the disentitlement doctrine.

Rota admits in her supplemental brief that she has not paid the sanctions and calls the order imposing them "wrongful." She contends the discovery conferences she did not attend were "informal" and "can't be the basis of a sanction." Rota ignores the notice of the status conference, which stated her appearance was "mandatory." In any event, "the merits of the appeal are irrelevant to the application of the [disentitlement] doctrine." (*Ironridge Global IV, Ltd., supra*, 238 Cal.App.4th at p. 265.) "A trial court's judgment and orders, all of them, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods." (*Stone v. Bach* (1978) 80 Cal.App.3d 442, 448 [rejecting appellant's argument dismissal was unwarranted because orders he violated were "invalid"].)

12

Rota urges us not to dismiss her appeal under the disentitlement doctrine because: (1) such a dismissal is discretionary, not mandatory; (2) her nonpayment of "minimal" sanctions has neither "directly impeded appellate proceedings" nor "obstructed enforcement of the appealed order"; and (3) the sanctions order "does not relate to the satisfaction of judgment issues on appeal." We are unpersuaded. Rota was ordered to pay the maximum amount of sanctions permitted by the statute (Code Civ. Proc., § 177.5), and she defied the very order she is separately appealing. That order followed her willful disregard of notices directing her to attend hearings intended to help the parties resolve discovery disputes that arose as part of HMS's efforts to enforce the judgment. "The record shows that [Rota is] seeking the benefits of an appeal while willfully disobeying the trial court's valid orders and thereby frustrating [HMS's] legitimate efforts to enforce the judgment. Therefore, we conclude the equitable considerations relevant to the disentitlement doctrine favor dismissal of this appeal." (*Gwartz v. Weilert* (2014) 231 Cal.App.4th 750, 761.)

C.    *Order Denying Motion for Satisfaction of Judgment*

The third and final order Rota challenges in these appeals is the one denying her motion for satisfaction of judgment under Code of Civil Procedure section 724.050, which is an appealable postjudgment order. (*Id.*, § 904.1, subd. (a)(2); *Horath v. Hess* (2014) 225 Cal.App.4th 456, 462.) She complains the superior court did not follow certain procedural requirements for such a motion, erroneously found she had neither made the required demand for acknowledgment of satisfaction nor presented any evidence of satisfaction, and was biased against her and otherwise violated her due process right to a meaningful hearing on the motion. Rota asks us to reverse the challenged order and to remand the matter with directions to the

13

superior court to enter a satisfaction of judgment or, alternatively, to hold an evidentiary hearing on her motion.

In reviewing the record and the parties' briefs, we noticed there was no evidence Rota had paid the judgment, and her claim the judgment had been satisfied was based on previously rejected claims that HMS owed her more money for services she had performed than she owed on the judgment. We obtained supplemental briefs from the parties on whether the appeal should be dismissed as frivolous. Rota argues "[t]his appeal is not frivolous" and "presents substantial legal questions distinct from those decided in [the prior appeal]." HMS counters that the appeal is a bad faith attempt by Rota to relitigate issues already decided against her in proceedings that are final and should be dismissed as frivolous. We agree with HMS.

Appellate courts have inherent power to dismiss frivolous appeals. (E.g., *Ferguson v. Keays* (1971) 4 Cal.3d 649, 658 (*Ferguson*); *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79 (*Deal*); *Zimmerman v. Drexel Burnham Lambert Inc.* (1988) 205 Cal.App.3d 153, 161 (*Zimmerman*).) An appeal is subjectively frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).) An appeal is objectively frivolous "when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Ibid.*) "The two standards are often used together, with one providing evidence of the other" (*id.* at p. 649), but "[a] finding of frivolousness may be based on either standard by itself" (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*)).

We first consider whether Rota's appeal is objectively frivolous. "We look to the merits of the appeal from a reasonable person's perspective" and

14

ask whether "any reasonable person [would] agree the appeal is completely devoid of merit." (*Malek, supra*, 58 Cal.App.5th at p. 834.) Based on the record, the answer to that question is clearly *yes*. To prevail on her motion for satisfaction of judgment, Rota had to show she paid the full amount of the judgment. (Code Civ. Proc., § 724.010, subd. (a).) She submitted no evidence she had done so. Instead, Rota argued "HMS earned $9.988 to $17.432 million . . . due to [her] work" and that amount exceeded the amount of HMS's judgment against her. Setoffs are allowed in actions to enforce money judgments (*Jhaveri v. Teitelbaum* (2009) 176 Cal.App.4th 740, 753), and a motion to compel acknowledgment of satisfaction of a judgment is a proper procedure to balance offsetting judgments (*Wade v. Schrader* (2008) 168 Cal.App.4th 1039, 1048 (*Wade*)). Rota, however, has no judgment against HMS she can assert as a setoff.[2] Her claim HMS still owes her for

---

[2]    Rota contends she sought satisfaction not through an "offset credit" against the judgment under *Wade, supra*, 168 Cal.App.4th 1039 but "through 'performance of an obligation other than that specified in the judgment'" under Code of Civil Procedure section 724.010, subdivision (c). She argues the judicially confirmed award in her arbitration against a business associate with whom she had a referral agreement (Michael Hernandez) "established the precise value of her performance," and the "unbroken chain of value flowing to HMS" from that performance "constitutes 'payment in another form' sufficient to satisfy [the] judgment under [the statute]." The only difference between this theory and the setoff theory we reject as frivolous in the text is the addition of a detour through the award in Rota's arbitration against Hernandez.

 Rota's statutory theory is frivolous for another reason: It is built entirely on fabricated legal authority. The statutory provision she relies on concerns satisfaction of a judgment "by check or other form of noncash payment that is to be honored upon presentation by the judgment creditor for payment." (Code Civ. Proc., § 724.010, subd. (c).) It does not contain the language about "performance of an obligation other than that specified in the judgment" that Rota attributes to it. Three of the five cases she cites as purported support for her theory do not exist. The other two exist but do not

15

unpaid work was rejected by the Utah court, which declared the parties' contracts were terminated and HMS owed neither her nor AEG any money. As we explained in Rota's prior appeal, the Utah judgment bars relitigation of that claim in this case. (*Howell Management Services, LLC v. Vashisht-Rota, supra*, D084575.) We conclude her "appeal is objectively frivolous because it is devoid of factual or legal support." (*Malek*, at p. 835.)

We also conclude the appeal of the order denying the motion for satisfaction of judgment is subjectively frivolous. "[T]he total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Flaherty, supra*, 31 Cal.3d at p. 649.) Other evidence of improper motive is that Rota's "brief[ing] is largely devoted to rehashing issues raised and decided in the prior appeal, a totally inappropriate exercise." (*Hummel v. First National Bank* (1987) 191 Cal.App.3d 489, 495.) In her briefs, Rota continues to claim that HMS owes her money for student referrals in an amount that exceeds that of its judgment against her, and she lists "[s]everal [i]ssues" she has with our "problematic ruling" in the prior appeal. Our determination in the prior appeal that Rota is bound by the Utah court's declaration that HMS owes her no money constitutes law of the case and bars her from arguing otherwise in this appeal. (*Tally v. Ganahl* (1907) 151 Cal. 418, 421; *Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612.) Her "[r]epeated litigation of matters previously determined by final judgment constitutes harassment" (*Weber v. Willard* (1989) 207 Cal.App.3d 1006, 1010) and shows she "lacked good faith in pursuing the appeal" (*Personal Court*

---

contain the language or involve the legal points ascribed to them. Rota's reliance on nonexistent legal authority justifies dismissal of her appeal as frivolous. (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 436 (*Noland*).)

*Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 193).[3]  " 'Somewhere along the line, litigation must cease' " (*Deal, supra*, 80 Cal.App.5th at p. 81), and Rota "must accept responsibility for [her] actions and stop abusing [HMS] and the [court] system" (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 (*Leslie*)).

In sum, we conclude Rota's appeal of the order denying her motion for satisfaction of judgment "has as its object to delay, vex or harass the opposing party or the court" and "is based upon wholly sham or frivolous grounds." (*Ferguson, supra*, 4 Cal.3d at p. 658.)  We exercise our inherent power to dismiss the appeal.  (See, e.g., *Deal, supra*, 80 Cal.App.5th at pp. 79–81 [dismissing appeal as frivolous when appellant challenged prior final judgments and orders and took appeal for purpose of delay]; *Zimmerman, supra*, 205 Cal.App.3d at p. 162 [dismissing appeal as frivolous when record and case law "abundantly support[ed]" challenged rulings].)

D.     *Sanctions*

We notified the parties we were considering imposing monetary sanctions against Rota for prosecuting a frivolous appeal and unreasonably violating the California Rules of Court by citing nonexistent legal authorities

---

[3]     We are not the first court to find Rota's motives in her litigation against HMS to be improper.  The United States District Court for the Southern District of California found "overwhelming" evidence that "most of [Rota's] litigation tactics were substantively meritless, meant to harass, or both," and entered an order declaring her a vexatious litigant and restricting her filing privileges.  (*Vashisht-Rota v. Howell Management Services* (S.D.Cal. Jan. 22, 2025, No. 20-cv-0321-AGS-KSC) 2025 WL 268855 p. *4.)  Rota has also been declared a vexatious litigant in Utah.  (See *Vashisht-Rota v. Howell Mgmt. Services* (Utah App. 2021) 503 P.3d 526, 529, 533.)  In its findings in support of the Utah judgment, the Utah court stated her "litigation efforts have been wholly unsuccessful" and "have no apparent purpose but to place scandalous allegations against . . . HMS on the public records."

(Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276), and ordered them to submit supplemental briefs on whether this court should impose sanctions and, if so, in what amount. Rota contends no sanctions should be imposed because the appeal is not frivolous and her citation errors were inadvertent. HMS contends sanctions should be imposed on Rota for taking a frivolous appeal and for citing fabricated legal authorities, and it requests $59,741.70 in attorney fees and costs payable to HMS and $10,000 payable to this court. Attached to its supplemental brief, HMS submitted a declaration from its counsel describing the tasks he performed in responding to Rota's appeals, stating the number of hours spent on the appeals (107.7) and the discounted hourly rate charged ($550), and listing the costs incurred ($506.70). For reasons we discuss below, we impose sanctions against Rota in the amounts of $59,235 payable to HMS and $15,000 payable to this court.

A reviewing court may impose monetary sanctions on an appellant when an "appeal was frivolous or taken solely for delay." (Code Civ. Proc., § 907; accord, Cal. Rules of Court, rule 8.276(a)(1).) We determined in part II.C., *ante*, that Rota's appeal of the order denying her motion for satisfaction of judgment was frivolous and taken for delay.

Another ground for imposing monetary sanctions is an "unreasonable violation" of the California Rules of Court. (*Id.*, rule 8.276(a)(4).) One rule required Rota to support her arguments with citation of authority. (*Id.*, rule 8.204(a)(1)(B).) As we noted in footnote 2, *ante*, Rota cited cases that do not exist, quoted from statutes and cases language they do not contain, and cited cases for propositions they do not support. Her reliance on fabricated legal authorities is sanctionable as an unreasonable violation of rule 8.204(a)(1)(B). (*Noland, supra,* 114 Cal.App.5th at pp. 445, 447.) Rota says imposing sanctions for those violations would be "inappropriate" because she "is still

18

learning how to use the cases," she used artificial intelligence tools for parts of her brief, and any citation errors were due to "inadvertence, not intentional misrepresentation." We disagree. Rota stated in her motion for satisfaction of judgment that "[s]he is in law school," and we know from her numerous and voluminous filings in this court that she is not an inexperienced litigant. She may use artificial intelligence tools to prepare briefs, but she "must check every citation to make sure the case exists and the citations are correct." (*People v. Alvarez* (2025) 114 Cal.App.5th 1115, 1119.) "Even though [Rota] is in propria persona, [she] is held to the same 'restrictive procedural rules as an attorney' [citation], and we may impose sanctions upon [her]" for violating those rules. (*Leslie, supra*, 234 Cal.App.3d at p. 121.)

The remaining issue for determination is the amount of monetary sanctions to impose on Rota. We may award as sanctions "such damages as may be just" (Code Civ. Proc., § 907), including sums to compensate the respondent for the attorney fees incurred in defending against the appeal, to compensate the reviewing court for the expense incurred in processing the appeal, and to discourage future frivolous litigation. (*Morales v. City and County of San Francisco* (2025) 114 Cal.App.5th 43, 53; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 189 (*Foust*); *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1079.) We have broad discretion to determine the amount of the sanctions. (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 228; *Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1316.)

As compensation for defending against Rota's appeals, HMS asks us to award as sanctions $59,235 in attorney fees and $506.70 in costs. The amount of attorney fees requested is based on the time counsel spent addressing all three orders Rota appealed, however, not just the order the

19

appeal from which we have determined to be frivolous. "Sanctions for an appeal which is partially frivolous are appropriate if the frivolous claims are a *significant* and *material* part of the appeal." (*Maple Properties v. Harris* (1984) 158 Cal.App.3d 997, 1010.) That criterion is satisfied here. Among the three orders involved in these appeals, Rota devoted the largest portion of her briefing to an attack on the order denying her motion for satisfaction of judgment, and HMS devoted the largest portion of its briefing to defending against that attack. Based on "the protracted length of this litigation and the delay in the resolution of the appeal," "the need to deter this type of conduct in the future" (*id.* at p. 1011), and "the 'degree of objective frivolousness' of [the] appeal" (*Foust, supra*, 198 Cal.App.4th at p. 189), we find the $59,235 in attorney fees HMS has requested is a reasonable amount of sanctions for Rota to pay HMS. We do not impose costs incurred on appeal as sanctions because HMS is entitled to those costs as a matter of right. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

HMS is not the only entity harmed by Rota's frivolous appeal. "[T]he appellate system and the taxpayers of this state are [also] damaged by what amounts to a waste of this court's time and resources." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17.) "Because a frivolous appeal . . . harms the court, not just the respondent, a growing number of courts are ordering appellants to pay sanctions directly to the court clerk to compensate the state for the cost of processing such appeals." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 35.) More than 12 years ago, we noted sanctions imposed to compensate courts for processing frivolous appeals then routinely ranged between $6,000 and $12,500. (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 560.) A few years later, we imposed $25,000 in sanctions payable to this court on appellants who, like Rota, "required this

20

court to needlessly expend precious resources on their frivolous claims." (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 195; see *Bank of California v. Varakin* (1990) 216 Cal.App.3d 1630, 1640 [imposing $25,000 in sanctions payable to court "to reimburse the taxpayers victimized by this unremittingly frivolous litigation and to deter such conduct in the future"].) We also may impose sanctions payable to this court for Rota's citation of fabricated legal authorities in unreasonable violation of the California Rules of Court. (*Id.*, rule 8.276(a)(4); *Noland, supra*, 114 Cal.App.5th at pp. 445, 447; *Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1161–1162.) We find $15,000 is an appropriate amount of sanctions for Rota to pay this court for violating the Rules of Court and forcing us to expend resources on a frivolous appeal.

This opinion shall constitute the written statement of our reasons for imposing monetary sanctions against Rota. (*Flaherty, supra*, 31 Cal.3d at p. 654; *Banks v. Dominican College* (1995) 35 Cal.App.4th 1545, 1558.)

### III.

### DISPOSITION

The appeals are dismissed.  As sanctions for prosecuting a frivolous appeal and for unreasonably violating the California Rules of Court, appellant is ordered to pay $59,235 to respondent and $15,000 to the clerk of this court within 30 days of issuance of the remittitur.  Respondent is entitled to costs on appeal.

Irion, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.

22